Biohabd D. Simons, J.
These are seven causes of action brought against the County of Onondaga, Patrick J. Corbett and David A. Stevenson to recover damages for personal injuries and on derivative claims resulting from an automobile accident occurring on December 23, 1965 when an automobile owned and operated by the plaintiff George G-. Beck was involved in a collision with an automobile owned by the County of Onondaga and operated by the defendant David A. Stevenson. The defendant Patrick J. Corbett is the Sheriff of Onondaga County. The defendant Stevenson is “ an employee of the County of Onondaga, a Deputy Sheriff, and as such was acting pursuant to his employment and within the scope of his duties as such.” The complaints allege various acts of negligence on the part of the defendant Stevenson and seek recovery against him on the basis of those negligent acts. No allegations of negligence are made against the County of Onondaga or Patrick J. Corbett.
The defendants move pursuant to CPLB 3211 (subd. [a], par. 7) to dismiss the complaints for failure to state a cause of action as to each of them.
The complaint states a cause of action against the defendant Stevenson and his motion is denied. (Commisso v. Meeker, 8 N Y 2d 109.)
The argument of the defendant county is founded upon section 5 of article IX of the New York Constitution (now in art. XIII, § 13, subd. [a]) which provides in pertinent part that “ the county shall never be made responsible for the acts of the sheriff” and upon the interpretation of that section b3 the Court of Appeals in the ease of Commisso v. Meeker (8 N Y 2d 109, modfg. 9 A D 2d 865). The Appellate Division had held in the Commisso case by a vote 4 to 1 that the action would lie against the county by reason of the acts of the Deputy Sheriff in operating a county-owned vehicle. In the Court of Appeals the verdict against the County was reversed with three Judges holding that the county was immune under the constitutional *261 provision and the fourth Judge holding for reversal only upon the ground that the evidence was insufficient as a matter of law to establish the negligence of the county by reason of the deputy’s conduct. The three dissenting Judges voted to affirm the verdict against the county. Under these circumstances, I feel that I am bound by the decision of the Appellate Division and the motion to dismiss the complaint as to the County of Onondaga is denied.
The action against the Sheriff is entirely independent of any relationship of principal and agent which may be thought to exist between him and the county. The county’s liability, if any, is founded upon section 388 of the Vehicle and Traffic Law and not by a conduit of employment extending from the deputy through the Sheriff to the county. That, as I read them, is what Isereau v. Stone (3 A D 2d 243) and the Appellate Division decision in Commisso v. Meeker (supra) stand for.
The Sheriff’s liability, absent of any personal act or omission, depends wholly on whether or not the deputy was discharging a criminal or civil function. (Isereau v. Stone, supra.) In criminal matters, the deputy is considered an agent of the public and there can be no liability against the Sheriff based on the contention of principal and agent or respondeat superior. In such cases, the deputy is not acting as an agent of the Sheriff. If the deputy was discharging a civil function, then the rule is otherwise and the deputy is deemed to be in the employ of the Sheriff and the Sheriff is answerable for his wrongful acts performed within the scope of the deputy’s employment. (Matter of Flaherty v. Milliken, 193 N. Y. 564; Isereau v. Stone, supra.) The sole line of inquiry is whether the deputy was acting in a civil or criminal capacity at the time in question.
The defendant Corbett further contends that the action against him is barred by section 54 of the County Law. That section deals with the personal liability of heads of agencies, departments, bureaus and offices of the county. It is not applicable to Sheriffs. Traditionally, the Sheriff has not been an officer of the county but the officer of the court and conservator of the peace, (County Law, § 650.) He is an independent agent and his subordinates are employed by him personally, not by the county. (Matter of Flaherty v. Milliken, supra; Matter of Grifenhagen v. Ordway, 218 N. Y. 451; Enstrom v. City of New York. 258 App. Div. 672, mot. for rearg. den. 259 App. Div. 832.) It has always been considered that the act of the deputy was the act of the Sheriff, the Sheriff and his deputies being considered one and the same legally.
*262 No case is cited construing section 54 of the County Law but in Sheridan v. Major (15 A D 2d 870) the court held that the pleading stated a cause of action against the Sheriff by reason of civil acts of his deputies. This case was decided subsequent to the statute.
The motions of the defendants Stevenson and County of Onondaga are denied. The motion of the defendant Corbett is granted with leave to the plaintiffs to replead if so advised to allege the employment of the Deputy Sheriff consistent with this decision, within 20 days after service of the order herein together with notice of entry.