Johe D. Beeeett, S.
In this compulsory accounting proceeding the respondent-administratrix moves for a stay of this proceeding pending the determination by the Court of Appeals in another case involving similar questions of law.
By a prior decision in this estate (43 Misc 2d 991) this court determined that the filing of a claim by the United States Government was the commencement of a special proceeding which tolled the applicable Statute of Limitations. The decision dismissed the respondent’s objections to the petition for a compulsory accounting and directed her to file a voluntary accounting within 30 days, in the absence of which a compulsory order to account would issue. On appeal the Appellate Division dismissed, with costs to the petitioner, on the ground that none of the orders were appealable (24 A D 2d 632). The court, however, did add: ‘ ‘ If the orders were appealable, we would be disposed to affirm them on the grounds stated in Matter of Feinberg (24 A D 2d 1). The time of the appellant to file her account is extended until 90 days after entry of the order hereon. ’ ’
Matter of Feinberg (supra), cited by the Appellate Division in its dismissal of the appeals in this estate, involved a similar question of the tolling of the Statute of Limitations by the filing of a notice of claim pursuant to former section 211 of the Surrogate’s Court Act. There the court held at page 3: We hold *539 that appellant’s service of a notice of claim began a proceeding in the Surrogate’s Court and thus tolled the running of the limitation period contained in subdivision (c) of section 276 of the 1939 Internal Revenue Code.”
A motion for leave to appeal to the Court of Appeals from the decision of the Appellate Division in Matter of Feinberg has been granted on the basis of the Court of Appeals ’ opinion that questions of law have arisen which ought to be reviewed (24 A D 2d 735).
In the court’s opinion the motion for a stay pending the determination of the Court of Appeals in the Feinberg case should be denied.
It is a well-settled principle that propositions of law once established by decision will be followed by courts in the determination of similar questions. That principle of law known as the doctrine of stare decisis requires this court to follow decisions and precedents established by the Appellate Division (1 Carmody-Wait 2d, New York Practice, §§ 2:50, 2:58). The decision in Matter of Feinberg (supra) by the Appellate Division of this Department and its explicit reference to that decision in the dismissal of the appeal from the orders in this estate establish quite clearly that the doctrine of stare decisis is applicable.
The fact that the Court of Appeals has not passed upon the question or that there may be doubt as to the soundness of the Appellate Division’s decision on the point affords no basis for a lower court to refuse or fail to follow the authority of the Appellate Division (Vanilla v. Moran, 188 Misc. 325, affd. on other grounds, 272 App. Div. 859, affd. 298 N. Y. 796). Moreover, a trial court must follow the last decision of the controlling appellate court and it may not hold in abeyance an adjudication pending a change in the law which may occur at some future date (1 Carmody-Wait 2d, New York Practice, § 2:60, citing People v. Marcello, 25 N. Y. S. 2d 533; see, also, Waring v. Tale, 1 Hun 492). In addition, the issuance of a stay is discretionary with the court, which discretion will be exercised sparingly and only when other remedies are inadequate and the equities involved are apparent and strong. The papers fail to reveal any exceptional circumstances which would require the exercise of the court’s discretion. The motion is accordingly denied.