Michael Catalano, J.
Defendants’ attorneys move “for re-argument of the motion heretofore made to set aside the verdict herein ’ ’ rendered December 1, 1969, by mailing a notice dated December 16, 1969 and received by plaintiff’s attorneys on December 18, 1969.
The complaint verified September 22, 1965 demands $582.32 with interest from July 6, 1965 for property damage and $200 with interest from the date of judgment for personal injuries.
December 1, 1969, the jury returned a verdict for $1,250 for plaintiff against defendants. During the trial, it had been stipulated that the actual property damages amounted to $527.26. Therefore, the jury returned a verdict of $722.74 for personal injuries, or $522.74 more than was demanded in the complaint.
Defendants contend that the complaint may not be amended to increase the demand of $200 to $522.74 after the jury returned a $722.74 verdict.
Plaintiff contends that the court may allow such amendment, and that this motion was brought more than 15 days after the verdict was rendered, therefore, it is barred.
Plaintiff’s motion to increase the ad damnum clause in the complaint to equal the amount of the verdict was granted in open court.
In 1957, the Temporary Commission on the Courts stated in a First Preliminary Report note (N. Y. Legis. Doc., 1957, No. 6[b], p. 68): “It is not intended that the court be allowed to grant more monetary relief than demanded.”
*860 December 30, 1959, Judge Ftjld, speaking for the Court of Appeals, said ‘ ‘ the law is settled that one may not recover a money judgment in a sum greater than that requested in his prayer for relief.” (Michalowski v. Ey, 7 N Y 2d 71, 75.) This was so held in spite of section 479 of the Civil Practice Act.
Civil Practice Act, section 479, entitled, “ Demand as affecting amount of judgment, ’ ’ provided: ‘ ‘ Where there is no answer, the judgment shall not be more favorable to the plaintiff than that demanded in the complaint. Where there is an answer, the court may permit the plaintiff to take any judgment consistent with the case made by the complaint and embraced within the issues.” (Repealed Sept. 1, 1963. See CPLR 10001, 10005.)
The CPLR, effective September 1,1963, provides: “ The court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded, imposing such terms as may be just.” (CPLR 3017, subd. [a].) “ The court may permit pleadings to be amended before or after judgment to conform them to the evidence, upon such terms as may be just including the granting of costs and continuances. ’ ’ (CPLR 3025, subd. [c].) “ Pleadings shall be liberally construed. Defects
shall be ignored if a substantial right of a party is not prejudiced.” (CPLR 3026.) ‘‘ At any stage of an action, the court may permit a mistake, omission, defect or irregularity to be corrected, upon such terms as may be just, or if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.” (CPLR 2001.) “An error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced.” (CPLR 2002.)
The CPLR was intended to liberalize, not limit, the former practice. (Di Santo v. State of New York, 22 A D 2d 289.) The Legislature mandated that it “be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.” (CPLR 104.)
The four Judicial Departments of the Supreme Court, Appellate Division, do not agree upon the rules to be followed in this type of case. (CPLR 10005.)
February 17, 1959, the First Department said: ‘1 While this court is loathe to deprive a litigant of his opportunity to present his entire claim to the court, where, as here, the increase in the ad damnum clause is sought during trial, it should appear that the interests of justice require the granting of the motion and the amount demanded is consonant with the proof of damages and not excessive, otherwise it cannot be said to be without prejudice to the defendant.” (Natale v. Pepsi-Cola Co., 7 A D 2d 282, 285; same case, 8 A D 2d 781 [13]. See, also, Cox v. New *861 York Tel. Co., 10 A D 2d 565; Davis v. Goldsmith, 14 A D 2d 742.)
In 1962, the First Department said: “ It has always been the law that permission to increase the ad damnum clause in an action for personal injuries lies within the sound discretion of the court. However, the motion will not be granted where the plaintiff is chargeable with inordinate laches or where the amendment would unfairly prejudice the defendant.” (Koi v. P. S. & M. Catering Corp., 15 A D 2d 775.) The First Department also required in such application an affidavit of the plaintiff showing the merits of the case, reasons for delay, recently discovered facts justifying the increase and excusing failure or negligence necessitating the amendment within the plaintiff’s knowledge. (See, also, Ferrari v. Paramount Plumbing & Heating Co., 20 A D 2d 878.) In 1964, the First Department held, additionally that the plaintiff needed a physician’s affidavit demonstrating with some degree of specificity the nature of plaintiff’s injuries, their prospective consequences, the resulting disabilities and the causal relationship between such disabilities and the original injuries. (Jimenez v. Seikel & Sons, 22 A D 2d 643. See, also, Kind v. Serebreny Corp., 28 A D 2d 988; de los Reyes v. United States Lines Co., 28 A D 2d 991; Tooley v. Howard Johnson’s Inc., 29 A D 2d 930.)
In 1964, the First Department held that a postverdict granting of plaintiff’s motion to.increase the ad damnum clause in the complaint was an improvident exercise of discretion. (Walsh v. Wilkie, 20 A D 2d 634.)
In 1965, the First Department, citing CPLB. 3025 which provides that leave to amend should be freely granted on just terms, granted defendant’s motion to amend the answer since plaintiff had full knowledge and so was not prejudiced, upon payment of $30 costs and disbursements and $100 counsel fee. (Ciunci v. Wella Corp., 23 A D 2d 754, 755.)
In 1965, the First Department, again citing CPLB 3025, granted plaintiff’s motion to amend the complaint after long-delay of five years at eve of trial and after the filing of a statement of readiness to ‘ ‘ some prejudice ’ ’ of defendant, upon payment of $250 costs plus costs and disbursements of the action to date. (Symphonic Electronic Corp. v. Audio Devices, 24 A D 2d 746. See, also, Greenberg v. Bar Steel Constr. Corp., 27 A D 2d 651, same case 19 N Y 2d 857.)
In 1960, the Second Department followed the Court of Appeals’ ruling in Michalowski v. Ey (7 N Y 2d 71, 75). (Fleetash Realty Co. v. Severio Constr. Co., 11 A D 2d 769, 770.)
*862 In 1964, the Second Department’s holding was affirmed, without comment, by the Court of Appeals. (Silbert v. Silbert, 22 A D 2d 893, 895, affd. 16 N Y 2d 564.)
In 1965, the Second Department expressly excised the Michalowski rule (7 N Y 2d 71, 75, supra) from CPLR 3017 (subd. [a]) which provides that “ the court may grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded”. (CPLR took effect Sept. 1, 1963; CPLR 10005. See Garden Hill Estates v. Bernstein, 24 A D 2d 512, affd. 17 N Y 2d 525.)
In 1966, the Court of Appeals again affirmed the Second Department without -comment.
In 1966, the Second Department adopted the First Department’s rule requiring a physician’s affidavit causally connecting the surgery with the accident. (Northern Ins. Co. v. Kregsman, 26 A D 2d 648. See, also, Maasch v. Corning Co., 29 A D 2d 774.)
In 1967, the Second Department held that: “ Despite the general rule in favor of free amendment of the pleadings (CPLR 3025, subd. [b]), where amendment would result in substantial prejudice to one of the parties because of something which has happened in the interim between the original pleading and the application to amend, and such harm could not be cured by the court, it would be an improvident exercise of discretion to allow such amendment.” (De Fabio v. Nadler Rental Serv., 27 A D 2d 931.)
,In 1968, the Second Department held that the increase of the ad damnum clause of the complaint without notice to defendant was an improvident exercise of discretion. (Frank P. McNally, Inc. v. Ontario Frgt. Lines Corp., 29 A D 2d 678.)
Again in 1968, the Second Department followed the Michalowski rule (7 N Y 2d 71, 75). (Gleich v. Hurtt, 30 A D 2d 836.)
In 1969, the Second Department adopted the First Department rule requiring a detailed affidavit of merits from plaintiff and an affidavit from a doctor showing injuries, causation and treatment to support an increase of the ad damnum clause. (London v. Moore, 32 A D 2d 543. See, also, Maniscalco v. Coleman, 32 A D 2d 671.)
The two Second Department cases affirmed without -opinion by the Court of Appeals are distinguishable from the one at bar.
In the Silbert case, which was for a separation between spouses and division of an alleged joint bank account, the Second Department held that ‘1 the statutory presumption of joint -ownership was rebutted and the wife was not entitled to one half the account ’ ’ then assumed an hypothesis ad hoc, 1 ‘ If
*863 it be assumed that the court granted the wife’s motion, made for the first time at the end of her case, to increase the ad damnum clause, it is our opinion that such a ruling was an improvident exercise of discretion.” (Silbert v. Silbert, 22 A D 2d 893, 894, 895, affd. without comment 16 N Y 2d 564.)
In the Garden Hill Estates' case, actions were brought to recover damages caused by defendant’s wrongful conduct as president of plaintiff, wherein the Second Department made its determination “ without prejudice to saeh further proceedings, as plaintiff may be advised, to recover from defendant the moneys paid to him as salary during the period embraced by the recovery granted * * * [since] * * * no motion was ever made to amend the respective complaints to include causes of action for the recovery of salaries. ’ ’ (Garden Hill Estates v. Bernstein, 24 A D 2d 512, 513, affd. without comment 17 N Y 2d 525.)
When the Court of Appeals affirms without opinion, they are responsible only for the point decided not for all the reasons given or opinions expressed by the lower court. (Rogers v. Decker, 131 N. Y. 490, 493; Scott & Co. v. Scott, 186 App. Div. 518, 526; 1 Carmody-Wait 2d, New York Practice, § 2:61.)
In 1964, the Third Department followed CPLR 3025, that permits liberal amendments to pleadings, including an increase in the ad damnum clause, and provides that ‘1 Leave shall be freely given upon such terms as may be just including the granting of costs and continuances.” (Soulier v. Harrison, 21 A D 2d 725. See CPLR 3025, subd. [b].)
In 1967, the Third Department allowed plaintiff to amend the complaint, citing CPLR 3025, since defendants were aware of the evidence relied upon by plaintiff and so would not be prejudiced. (Lukaris v. Harrison Vending Systems, 28 A D 2d 1019.)
In 1968, the Third Department, citing CPLR 3025, allowed plaintiff, an infant, to increase the ad damnum clause from $25,000 to $100,000, stating mere delay was not prejudice and plaintiff was ‘ ‘ merely seeking to correct an under-valuation of such injuries.” (Bird v. Board of Educ., 29 A D 2d 812.)
In 1965, the Fourth Department refused to allow the service of a supplemental bill of particulars, not satisfactorily explained because the court was not prepared to hold that the rule concerning certificates of readiness was meaningless, except for very extraordinary and special circumstances (Hernandez v. Ezrow, 24 A D 2d 730). To do so would be an improvident exercise of discretion (Miller v. Davis, 24 A D 2d 730) especially so when Special Term, in addition grants an increase in the ad *864 damn-urn clause by $40,000. (Ryan v. Keller, 24 A D 2d 837. See, also, Doyle v. Killeen, 28 A D 2d 969; Gugino v. Schoenwald, 28 A D 2d 1084.)
In 1968, however, the Fourth Department, in a 3-to-2 decision, held that six months after certifying the case ready for trial, without a showing that the injuries stated in a proposed supplemental bill of particulars were unknown when so certified, the plaintiff waived his right to serve such bill under rule V of the Erie County Supreme Court Rules. (Shea v. Pellicano, 29 A D 2d 840, app. dsmd. 22 N Y 2d 753.)
In 1969, the Fourth Department allowed an increase in the ad damnum clause of the complaint to $450,000 for wrongful death and $50,000 for pain and suffering, stating: “In the absence of laches and a failure of any prejudice to the defendants, it was an improvident exercise of discretion to deny leave to amend the ad damnum clause. The mere lapse of time, without more, is not sufficient ground for denial of the motion. There was neither surprise nor prejudice shown as to plaintiff’s request to enlarge and clearly specify the negligence charged against defendant Howe, and it further appears that trial was not imminent. ’ ’ (Smith v. University of Rochester Med. Center, 32 A D 2d 736, 736-737.)
The doctrine of stare decisis compels a Trial Judge to follow a decision of his Appellate Division and the Court of Appeals, but if they have not made a decision in point, then he shall follow the last decision of the Appellate Division deemed controlling based upon reason and justice. (See United States Gypsum Co. v. Riley-Stoker Corp., 11 Misc 2d 572, 575, affd. 7 A D 2d 894, revd. on other grounds 6 N Y 2d 188; Matter of Weinbaum, 51 Misc 2d 538; 1 Carmody-Wait 2d, New York Practice, § 2:58.)
Here, since the Fourth Department has ruled on this subject and the Court of Appeals has not commented thereon, this trial court follows the last decision of the Fourth Department decided in 1969 (Smith v. University of Rochester Med. Center, 32 A D 2d 736, supra), bolstered by the last decision of the Third Department (Bird v. Board of Educ. of North Colonie Cent. School, 29 A D 2d 812) freely granting amendment to the ad damnum clause in the complaint pursuant to CPLR 3025 (subd. [b]).
In 1968, an alleged exception to the general rule that a plaintiff may not recover money damages exceeding the- amount in the ad damnum clause was allowed where no prejudice resulted to the defendant and the plaintiff was an infant. (Naujokas v. Carey High School, 57 Misc 2d 175, 176, 177; Bird v. Board of Educ., supra.) This becomes an exception to an exception, or *865 better stated, a return to the general rule allowing amendments to pleadings liberally.
“ The leading practice treatise ” (Breitel, J., dissenting in the Matter of Granite Worsted Mills [Cowen], 25 N Y 2d 451, 458) interprets CPLR 3017 as having great breadth. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3017.01-3017.07.) “It is not necessary for the pleader to demand a definite sum of money ” (ibid., par. 3017.01) “ Under no circumstance should reference ¡to the demand for judgment be used to limit the relief available to the plaintiff.” (Ibid., par. 3017.02.) “ This would include an amendment after trial to conform the demand for relief to the relief the proof indicated the pleader should be awarded.” (Ibid., par. 3017.04.) “ The courts have shown considerable liberality in permitting amendment upward of the dollar amount of damages sought by the plaintiff. As might be expected, the tendency to amend the amount of damages claimed is most prevalent in personal injury actions.” (Ibid., par. 3017.05.)
“ ‘ To limit a plaintiff’s recovery to a sum which may be less than a reasonable award for his injury, requires in justification more than a sterile and formalistic claim of laches * * * Defendant’s charge of mere delay, without resultant prejudice, presents no valid reason for depriving plaintiff of an opportunity to seek a full redress for the wrong inflicted, if so it be found. ’ ” (Ibid. Taken from Dimowitz v. New York City Tr. Auth., 34 Misc 2d 29, 30) “ What is meant by ‘ prejudice ’ in this context is not abundantly clear, although it seems certain that the mere exposure to greater liability does not qualify.” (Ibid., par. 3017.05.) “ The provision also expressly recognizes the court’s power to award relief not asked for in the complaint or at trial but shown to be applicable by the evidence.” (Ibid., par. 3017.06.)
‘ ‘ Default judgments are explicitly excepted from coverage under CPLR 3017(a) and are dealt with in CPLR 3215. Under that provision, the court, in granting the pleader relief, is confined to amount and type demanded in the complaint.” (Ibid., par. 3017.07.) “ Other cases intimated that it was an abuse of discretion to permit amendment at trial or after the court had reached a verdict or determined liability or fixed damages. This reluctance seems unsound.” (Ibid., par. 3025.26.)
‘‘ A motion under this article [44] shall be made before the judge who presided at the trial within fifteen days after * * * verdict * * * The court shall have no power to grant relief after argument or submission of an appeal from the final judgment.” (CPLR 4405.) “ In addition to motions *866 made orally immediately after * * * verdict * * * there shall he only one motion under this article [44] with respect to * * * a verdict” (CPLR 4406).
‘‘ Under CPLR 4405, on a motion made within the fifteen day statutory period, the trial court loses its power to grant post-trial relief only after argument or submission on an appeal.” (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 4405.01.) ‘1 While the fifteen-day period is not absolutely binding on the court, it should not be ignored without some persuasive reason for a failure to make a timely motion.” (Ibid., par. 4405.05.)
Here, the motion to set aside the verdict was made at the time of rendering the verdict, therefore, it was timely. A motion to reargue such a motion is not limited by the 15-day rule, especially when the moving paper was received 18 days, by mail, after the original motion was orally made in open court.
The ad damnum clause in a complaint seeking money damages for personal injuries in a negligence case is drafted by the plaintiff’s attorney to give notice to opposing counsel of the alleged evaluation of plaintiff’s compensatory, monetary loss. The amount stated is secondary, the extent of the injuries is primary. The jury that does not see the complaint might return a verdict less than, equal to, or more than demanded. Only the third possibility is considered bad per se by defendant.
The test should be, is the verdict just under the circumstances. If the verdict is shown to be inadequate it should be raised, if excessive it should be lowered.
If full disclosure is made, a monetary evaluation should be based upon all the facts, not upon guesswork in stating an amount before trial. The fullest disclosure is made after a trial in court before a jury consisting of laymen.
Delay alone is not prejudice. A verdict always is the product of delay, depending upon the trial court calendar and a myriad of surrounding circumstances.
The last vestige of iron-bound, common-law pleading is found in the ad damnum clause stating a sacrosanct amount of damages. (See Curtiss v. Lawrence, 17 Johns. 111; Dox v. Dey, 3 Wend. 356, 362; Corning v. Corning, 6 N. Y. 97, 105.) It should be committed to oblivion.
The ad damnum clause seeking a judgment that is just under the circumstances of the case should be sufficient without stating a definite sum of money.
Defendants’ motion for reargument is granted; defendants’ motion to set aside the verdict is denied; plaintiff’s oral motion to increase the ad damnum clause is confirmed.