Joseph P. Kuszynski, J.
In a heavy snow storm at about 3:20 a.m. on December 7, 1964, a Sheriff’s vehicle patrolling a county road struck two pedestrians, plaintiff and his wife, resulting in serious injury to plaintiff and the death of his wife.
The vehicle was being driven at a speed of 35 miles per hour with visibility between 25 to 30 feet. The pedestrians, both residents of the Cattaraugus Reservation, were drinking before the accident; the testimony concerning the extent of their drinking is in dispute. The ear was heading south as were the pedestrians. Uncontroverted was plaintiff’s testimony that prior to the accident both he and his wife were walking in the left lane facing oncoming traffic. The deputies directly involved conducted the investigation although other deputies were at the scene. Both deputies involved testified they did not know where or how the decedent was struck. They said they first became aware of her when they saw her body lying in a ditch along the left side of their vehicle some 140 feet away from the point of impact with her husband.
The questions of negligence of the deputy operating the patrol car and of contributory negligence on the part of the pedestrians were submitted to the jury. The jury thereupon unanimously returned general verdicts in the sum of $150,000 for Samuel George, Sr., for personal injuries and a further sum of $100,000 for the wrongful death of his wife.
In submitting the liability issues to the jury, the court reserved to itself the question concerning which defendant the verdicts, if any, would be entered against.
The issue of which defendant shoulders the responsibility for the actions of the Deputy Sheriff in his negligent operation of the patrol car is enmeshed in the complex constitutional difficulties surrounding the responsibilities of the Sheriff stemming from section 13 of article XIII of the New York State Constitution which states “ But the county shall never be made responsible for the acts of the sheriff.” This question is all important with respect to the plaintiff’s right to recover.
*873 It appears that plaintiff’s attorney in serving the summons shortly after the first anniversary of the accident was in full compliance with section 50-e of the General Municipal Law. Earlier he had served a notice of claim within 90 days of the accident. However, he ran afoul of the one-year Statute of Limitations (CPLE 215, subd. 1) pertaining to actions brought against a Sheriff. The Erie County Special Term decision, affirmed on appeal, struck down the plaintiff’s suit for personal injuries as against the Sheriff but allowed it as against the County of Erie under subdivision 5 of section 214 providing for a three-year limitation. In the wrongful death action, the priority of the two-year limitation of the death action statute (EPTL 5-4.1) over the Sheriff’s special Statute of Limitations was upheld. Therefore, the death action is against both defendants. This is the posture in which these two actions came on for trial before this court.
There is no conflict as to the manner in which the 1964 Chevrolet used by the deputies was registered; who purchased it, repaired it nor is there any question as to who would receive the funds paid upon its sale. Nor was the manner of its use questioned. The conflict among the parties concerns the legal conclusions which may be drawn from the uncontroverted facts.
The deputies were assigned to the Sheriff’s Criminal Division and were on a customary patrol checking for burglaries, break-ins, etc. The vehicle was purchased by the county with its funds, maintained by it and would have recovered any moneys received from its sale. Further, in 1964 the vehicle was registered as being owned by “ County of Erie Sheriff Department.” There was testimony that all County of Erie vehicles are registered in the county’s name followed by the name of the department to which they are assigned. Three, county officials, namely, the present County Executive who was Sheriff when the accident happened* the Budget Director and the Deputy County Executive, testified that the vehicle is owned by the County.
A Sheriff personally may not be held responsible for acts of his deputies while discharging a criminal function. (Isereau v. Stone, 3 A D 2d 243.) In such cases, the deputy is not an agent of the Sheriff because he is then in the service of the public. However, where a deputy is driving a county-owned vehicle, his negligence, if any, is attributable to the county as owner of the vehicle under section 388 of the Vehicle & Traffic Law which makes an owner responsible for the manner in which vehicles are driven, if driven with the owner’s permission. See also, *874 section 50-a of the General Municipal Law whereby liability attaches to a municipality for the negligent operation of a municipally owned vehicle. Liability is imposed upon the county statutorily rather than by ‘ ‘ conduit of employment by extending from the deputy through the Sheriff to the county. ’ ’ (Reck v. County of Onondaga, 51 Misc 2d 259, 261.) The constitutional provision that the county shall never be made responsible for the acts of the Sheriff does not immunize the county from liability for negligence of a Deputy Sheriff who when acting pursuant to his employment and within the scope of his duties is involved in an accident while operating a county-owned vehicle.
This court concludes that the automobile was owned by the county and assigned to the Sheriff’s Department for its use. The motion for nonsuit on behalf of the defendant Sheriff in the wrongful death action is granted.
On an issue collateral to the ownership question, the motion, made by counsel for the county, to strike from its answer any admission that it is the owner must fall of its own weight. Ordinarily consent to amend the pleadings to comply with the proof adduced is freely given (CPLR 3025), however, the motion before this court relates to an admission in the answer of an allegation contained in the complaint. Approximately six years intervened between the admission and the motion made during the trial to amend the answer. Thus, laches cast a heavy shadow. Furthermore, a motion to amend the pleadings may be granted if the testimony fails to conform with the pleadings, however, the pleading herein conforms to the proof. Dale Bossert, the official who verified the answer in his capacity as Acting County Executive, testified that he made no error at the time of verification and that the admission that the county is the owner of the vehicle is correct in all respects. The only one who claims an error is the attorney for the county’s surety.
Plaintiff asks leave to increase the amount of the ad damnum clause in his complaint from $100,000 to $150,000 to conform with the jury verdict. This court has agonized over its decision to deny plaintiff’s motion in view of many powerful reasons that exist in his favor including economic changes that have occurred since the complaint was drawn almost 7% years ago. The cost of living index of the United States Department of Labor has been, increasing at the approximate annual rate of 6%. Thus, the present value of the original demand has decreased proportionally. In addition, the severity of the injuries sustained justifies the amount of the verdict.
*875 In the Federal courts, as in many States, there is no mandatory ad damnum requirement. Whatever its merits may have been, it does not seem under present conditions to meet our needs. Then too, had the plaintiff made this motion at any time prior to trial, or even during trial, it would have been granted. (Smith v. University of Rochester Medical Center, 32 A D 2d 736 ; Koupash v. Grand Union Co., 34 A D 2d 695.) However, the fact that the motion is being made post verdict militates against the plaintiff.
The question of post verdict amendment of the ad damnum amount is in a state of flux with attempts being made to extricate our practice from the rigid limitations of this rule. (See Naujokas v. Carey High School, 57 Misc 2d 175, revd. 33 A D 2d 703 ; Douglas v. Latona, 61 Misc 2d 859.) Nevertheless, it is not the function of this court to rewrite the law but rather to apply it in accordance with guidelines heretofore laid down by the appellate courts under the principle of stare decisis.
Plaintiff’s motion to increase the amount of the ad damnum clause contained in his complaint is denied. (Michalowksi v. Ey, 7 N Y 2d 71 ; Silbert v. Silbert, 22 A D 2d 893.) The liberal language of CPLR 3017 which permits, the court to “ grant any type of relief within its jurisdiction appropriate to the proof whether or not demanded ’ ’ does not abolish the rule that a plaintiff’s recovery is limited to the amount demanded in the complaint. (See Naujokas v. Carey High School, supra.) Furthermore, defendants’ motion to set aside the plaintiff’s verdict for personal injuries in the amount of $150,000 is granted and this cause of action is remanded to the Calendar Part of this court for retrial unless he stipulates within 10 days after the entry of an appropriate order herein to a reduction of said verdict of $100,000, in which event the motion is denied.
The plaintiff as administrator moves that the ad damnum clause of his action for the wrongful death of his wife be amended to ask for interest thereon. This motion is superfluous because the omission of a claim for interest in such a case is not fatal, in view of the mandatory language contained in EPTL 5-4.3 which provides that ‘1 Interest upon the principal sum recovered by the plaintiff from the date of decedent’s death shall be added to and be a part of the total sum awarded.” (Italics supplied.)
Defendant’s motion to set both verdicts aside as being excessive is denied. Plaintiff’s verdict for personal injuries as herein directed has to be considered in the light of the following factors:
The medical expenses are in the sum of approximately $10,000. Plaintiff spent seven months in a hospital; he had sustained a depressed fracture of the skull and 10 fractures in both of his *876 legs. He is disabled and the only work he can do is in a sitting position. He has a decided limp and walks with a cane as a result of the accident.
With respect to the $100,000 verdict for the wrongful death of Rosetta George, the term “ pecuniary damages ” encompasses also the loss of care, love and affection that a mother provides for her children. The decedent was 31 years of age, in good health, described as a “great mother” who left five children surviving ranging in age from one year to 11 years. The youngest, therefore, has been deprived of 20 years of maternal attention. In the aggregate, the five children are being deprived of approximately 75 years of motherly care.
This court also denies both the motion of the defendants to set aside the verdicts herein as being against the weight of evidence and their motion based upon the court’s alleged abuse of discretion in allowing plaintiff’s counsel to use a blackboard for approximately two minutes during his summation to explain plaintiff’s theory as to the happening of the accident, as well as the motion made on behalf of the county to amend its answer to set up an affirmative defense and a set-off equal to the hospital bill for services granted to the plaintiff Samuel George paid by the Erie County Welfare Department. The Erie County Welfare Department is amply protected by the filing of a lien against any recovery with plaintiff’s attorney of record. (Social Services Law, § 104, subd. 2.) Such a filing prohibits the payment of any moneys received until the hospital lien has been satisfied.