OPINION OF THE COURT
Richard F. Kuhnen, J.
Motion by defendants for summary judgment dismissing the complaint as a matter of law.
The action is for damages for bodily injuries sustained by plaintiff Gerald A. Cady,, a Broome County Deputy Sheriff, on May 13, 1979, while on patrol duty, when the automobile he was driving malfunctioned and left the highway. The automobile was owned by the County of Broome and provided to the Sheriff’s Department for use of the Sheriff’s personnel in connection with their duties.
The complaint alleges causes of action on behalf of plaintiff Gerald A. Cady (and derivative causes on behalf of his wife, plaintiff Carol Ann Cady) against Sheriff Andrews on the theory that he and his employees were negligent in maintaining the vehicle and in providing an unsafe vehicle to the deputy. Liability Of the county is *572 predicated on the theory that the county, as title owner of the vehicle, was negligent in maintaining and servicing it and also upon statutory vicarious liability for the negligence of the Deputy Sheriff as a permissive user.
Defendants’ motion to dismiss as to the county is based upon section 11 and subdivision 6 of section 29 of the Workers’ Compensation Law which provides an exclusive remedy to an employee against an employer or fellow servant, the claim of defendants being that the plaintiff deputy and the personnel assigned to the Sheriff’s Department who serviced the motor vehicles were fellow servants and employees of the county, and upon article XIII (§13, subd [a]) of the New York State Constitution which provides in part that “the county shall never be made responsible for the acts of the sheriff”.
As for the Sheriff, the position of defendants is that plaintiff Deputy Cady must be considered as employed jointly by the County of Broome and the Broome County Sheriff and that his claim is therefore barred by the Workers’ Compensation Law.
The argument advanced by plaintiffs’ counsel in opposition to the county’s motion to dismiss is that plaintiff Gerald A. Cady “was not an employee of the defendant County of Broome when the accident occurred”, and that the provisions of the Workers’ Compensation Law are therefore inapplicable. Plaintiffs concede that “in light of the constitutional provision the County could not be held liable for the sheriff’s negligence on a respondeat superior theory”, but insist that vicarious liability can nevertheless be justified on the basis of section 388 of the Vehicle and Traffic Law.
It is undisputed that the Sheriff’s deputies were paid for their services by county check and out of county funds; that the county provided also fringe benefits; that the county owned and provided the plaintiff deputy with the motor vehicle which he was driving; that the county provided workers’ compensation coverage and benefits to the Sheriff’s deputies. For at least the purposes of a collective bargaining agency for Deputy Sheriffs a county and a Sheriff have been held to be joint employers (Matter of *573 County of Ulster v CSEA Unit of Ulster County Sheriff's Dept., Ulster County CSEA Ch., 37 AD2d 437; Matter of Connelly v Amico, 72 Misc 2d 644, affd 43 AD2d 1016).
On the other hand, control and direction of a Sheriff or his deputies by the county, an accepted incident of the employer-employee relation, is not present. Nor is a deputy considered to be an employee of a county or of a Sheriff when, as here, he is engaged in activities relating to criminal matters rather than civil. (See Matter of Flaherty v Milliken, 193 NY 564; Matter of Grifenhagen v Ordway, 218 NY 451; Matter of O’Brien v Ordway, 218 NY 509.) These decisions are to the effect that deputies whose duties deal solely with civil matters are employees of the Sheriff personally and outside the purview of civil service laws and regulations.
Applying these principles to the field of tort liability, the court, in Isereau v Stone (3 AD2d 243) held that a Sheriff could not be made responsible to third parties, either as an individual or in his official capacity, for the acts of his deputies in the discharge of criminal duties as deputies so acting are independent officers in the service of the public. The county too was held not responsible for their acts, on a principal and agent or employee relationship, as none exists. Further, as for county liability for the acts of the Sheriff, the State Constitution provision cited was held to throw a mantle of immunity around the county. A similar decision as to the effect of the constitutional provision was made in Commisso v Meeker (8 NY2d 109). (See, also, Snow v County of Broome, 43 AD2d 1003, a false arrest case.)
Counsel for plaintiffs, as pointed out, do not challenge the constitutional immunity of the county for the acts of the Sheriff, but seek to pierce it on the theory “that since the vicarious liability founded upon Vehicle and Traffic Law Section 388 has an independent statutory basis and derives from ownership of the motor vehicle rather than any theory of respondeat superior, it is not precluded by or in conflict with the constitutional provision invoked by defendants and said provision will not be a bar to a cause of action against the County as owner of the vehicle”.
In support of this position, counsel cites the holdings in Reck v County of Onondaga (51 Misc 2d 259) and George v *574 County of Erie (66 Misc 2d 871). Those cases involved third parties who were allegedly injured by an automobile owned by the counties and driven by a Deputy Sheriff. The decisions cited do hold that, notwithstanding the constitutional provision that “the county shall never be made responsible for the acts of the sheriff” (NY Const, art XIII, § 13, subd [a]; emphasis supplied), the provision is inapplicable to a situation where vicarious liability is sought to be imposed upon a county under section 388 of the Vehicle and Traffic Law.
The position was rejected by Judge Froessel in Commisso v Meeker (supra) but the court was equally divided on the question and the reversal of the Appellate Division decision against the county in that case was because a fourth Judge voted for reversal only on the ground of insufficient evidence. In Reck v County of Onondaga (supra) the court therefore decided to follow the Appellate Division position in the Commisso case. The issue has thus not yet been finally determined by the Court of Appeals.
That the word “never” in the constitutional provision is not inflexible and may be stretched to mean “hardly ever”, seems to be indicated by the decision of the court in Sawyer v Town of Southport (6 AD2d 553) where the provision was held not to bar an action under former section 1848 of the Penal Law where plaintiff had been injured in the course of obeying the command of a Deputy Sheriff and sought damages.
It appears that the Court of Appeals has not yet said the last word on the extent of the constitutional immunity. On the whole, we are inclined to agree with the position taken by Judge Froessel in the Commisso case, rather than that taken in the Reck and George cases (supra). We hold therefore that the action against the county is barred by the Constitution. In addition, a question has been raised as to the applicability of section 388 of the Vehicle and Traffic Law to the motor vehicle involved here, a question which does not seem to have been considered in Reck and George. The section specifically excludes “fire and police vehicles”. Although the term “police vehicles” is not otherwise defined, it would seem clear that at least in common parlance a Sheriff’s patrol car would be considered a “police vehi *575 ele”, especially when, as here, it was being used in connection with activities in the criminal field.
Plaintiffs’ counsel argues that “a Sheriff’s department is to be distinguished from a police department under the law, (see, e.g. Erie Co. Sheriff and Erie Co. v. Local 2060, Council 66, AFSCME, 7 PERB 3057; 1976 Op. of Attorney General 254; Op. of State Comptroller 63-699) and it follows, in the absence of any contrary provision that a ‘police vehicle’ does not include a motor vehicle operated by a Sheriff’s department”. The opinions cited have to do with the distinction between a “police force” and a “police officer” for the purpose of determining application of section 207-c of the General Municipal Law and, in our view, do not in any way compel a conclusion that a Sheriff’s prowl car is not a “police vehicle”.
We accordingly hold that the action is barred against the County of Broome not only by the constitutional provision but also on the ground that section 388 of the Vehicle and Traffic Law is not applicable to a police vehicle such as here involved.
We are of the opinion that the action should be dismissed also as to the defendant Sheriff Andrews, on the basis of the Workers’ Compensation Law. As a practical matter, the plaintiff deputy, whether acting in the civil or criminal field, was under the direction and control of the Sheriff and was covered by workers’ compensation. In this respect, the situation here presented differs from those presented in the cases cited, Isereau v Stone (3 AD2d 243, supra), Reck v County of Onondaga (51 Misc 2d 259, supra), and George v County of Erie (66 Misc 2d 871, supra), where third parties sought to impose liability on a Sheriff and the issue of workers’ compensation was not involved.
The Workers’ Compensation Law should be an additional bar to the action against the County of Broome despite its lack of direction and control of the Sheriff and his deputies. As pointed out, they receive payment, fringe benefits, and even the motor vehicle involved from the county and are covered by workers’ compensation provided by the county.
If a deputy can be considered to be in the joint employment of the Sheriff and the county for purposes of collective *576 bargaining, it would seem that he should also be so considered for the purpose of insulating both the Sheriff and the county from tort liability to a deputy where workers’ compensation is in fact provided.
The motion of defendants to dismiss the complaint as to the defendant county and the defendant Sheriff Andrews is granted.