Bernard S. Meyer, J.
Motion for leave to serve an amended notice of claim nunc pro tunc as of November 18, 1957 is denied.
The plaintiffs were injured on November 14, 1957 when an automobile in which they were riding collided with an automobile “ owned by the Sheriff’s Department of Suffolk County and * * * operated by the defendant Joseph Wowak”, a Deputy Sheriff. On November 18, 1957 a letter was mailed to the “ Sheriff’s Department, Suffolk County, Biverhead, New York ” in which the attorneys for the plaintiffs stated that they represented the plaintiffs whose automobile was involved in a collision at 8:30 p.m. with a vehicle bearing number 31 which was operated by Deputy Sheriff Joseph Wowak. The place of the accident was stated and the request was made to have the Sheriff’s insurance representative contact the plaintiffs’ attorneys so that a physical examination of the plaintiffs might be arranged. On December 3, 1957, an adjuster for an insurance company replied to the letter of November' 18 to the extent of acknowledging receipt of the letter and stating that a physician would be in contact with the plaintiffs’ attorneys. Such physical examination was had.
In February, 1957, plaintiffs commenced this action and after stipulation extending defendants’ time to answer, answer was served in July, 1958 setting forth as an affirmative defense plaintiffs’ failure to serve a notice of claim as required by law. This motion followed.
It is to be noted that action has not been brought against the county, but only against the Sheriff and his deputy. The amended complaint alleges in paragraph ninth that defendant Wowak “was engaged in the pursuit of his duties as a duly appointed Deputy Sheriff of the County of Suffolk, State of New York”. While it does not appear whether the duties he was. performing were civil or criminal, that question is not material since in neither event would a notice of claim be required. It’is clear from the provisions of section 5 of article IX of the Constitution that ‘ ‘ the county shall never be made responsible for the acts of the sheriff ” and from a long line of cases, of which Enstrom v. City of New York (258 App. Div. 672) and Isereau v. Stone (3 A D 2d 243) are but two examples, that such liability as may exist is entirely independent of the county. It may not be said, therefore, that under the complaint *223 as presently framed recovery is sought from ‘ ‘ the county, its officers, agents, servants or employees ”. It follows that section 52 of the County Law and section 50-e of the General Municipal Law are not applicable. No other provision requiring service of a notice of claim in connection with a claim against a Sheriff or his deputy has been cited, nor has the independent research of the court disclosed any. Since there is no requirement for such notice, it follows that the motion for leave to amend such notice as was given should be denied.