Henry A. Hudson, J.
The defendant, Fred H. Sommers, a Deputy Sheriff of Onondaga County and the defendant, Albert E. Stone, individually and as Sheriff of the County of Onondaga, have moved for an order dismissing the complaint herein as against them upon the ground that it appears upon the face thereof that such complaint does not state facts sufficient to constitute a cause of action.
It is urged by each of the defendants that the complaint is insufficient for the reason that there is no allegation that a claim was filed against the County of Onondaga or against such *4 defendants, as required by section 52 of the County Law and section 50-e of the General Municipal Law, and that in fact such notice was not served and that consequently the complaint must be dismissed as a matter of law.
It is urged on behalf of the plaintiff that it is unnecessary to serve a notice of claim upon the Sheriff or upon the Deputy Sheriff since neither are county officers nor employees within the meaning of section 52 of the County Law and the provisions of such section do not apply. No authority has been submitted to me holding that the service of a notice of claim upon a Sheriff or a Deputy Sheriff is essential as a condition precedent to the institution of an action against him. The authorities relied upon by the defendants are not in my opinion applicable.
The cause of action set forth in the complaint is based upon the action of the Deputy Sheriff, Fred H. Sommers, in the carrying out of the criminal duties of the Sheriff’s office. In this respect, the law, in my opinion, is now well established that a Deputy Sheriff while engaged in the performance of his duties as a criminal deputy as distinguished from a civil deputy, is acting in the service of the public and not in the service of the Sheriff and at such times the Sheriff may not be held personally liable for the alleged acts of misfeasance or nonfeasance of the Deputy Sheriff. (Isereau v. Stone, 3 A D 2d 243.)
The purpose of section 52 of the County Law and section 50-e of the General Municipal Law is to provide for the necessity for, the manner of, and the time limitations upon, both the service of a notice of claim against and the commencement of a cause of action against a county, its officers, agents, servants and employees.
The Sheriff and all Deputy Sheriffs while engaged in criminal duties of the office are not employees of the county but rather are independent officers acting in the service of the public. (Isereau v. Stone, supra.)
The county cannot be held liable for the acts of its Sheriff. (N. Y. Const., art. IX, § 5.)
Therefore, I do not feel that the provisions of section 52 of the County Law or section 50-e of the General Municipal Law are applicable to an action against a Sheriff or a Deputy Sheriff for misfeasance or nonfeasance in the conduct of the criminal duties of the Sheriff’s office.
Isereau v. Stone (supra) involved a very similar question to that in the present case and I believe is binding upon this court. In that case a complaint based upon a very similar set of circumstances and containing generally the same allegations was dismissed on the merits, as against the Sheriff both individually *5 and in his official capacity, upon the ground that the Sheriff was not liable for the acts of his deputy.
Insofar as this motion is addressed to the allegations of the complaint seeking relief against Albert E. Stone, individually and as Sheriff of the County of Onondaga, it does not, in my opinion, state facts to constitute a cause of action and the defendant, Stone’s, motion to dismiss the complaint is, therefore, granted and such complaint insofar as it relates to the defendant, Albert E. Stone, individually and as Sheriff of Onondaga County, is dismissed on the merits.
Insofar as the motion relates to the allegations of the complaint concerning the defendant, Fred H. Sommers, the motion to dismiss the complaint is denied. The determination of both motions is without costs.