■ DENISE ROKER, Respondent, v. GERTZ LONG ISLAND et al., Appellants. — In a false imprisonment action, defendants appeal from a judgment of Supreme Court, Queens County, entered April 11, 1969, in favor of plaintiff, upon a jury verdict. Judgment reversed, on the law and the facts, and new trial ordered, with costs to abide the event. Plaintiff, shopping in defendant Gertz Department Store was being observed by defendant store detectives, Callahan and Crowe. They watched plaintiff enter a fitting room with three pairs of slacks, and walk out of such room empty-handed. Defendant Callahan testified that she immediately searched the fitting room and found only two pairs of pants; whereupon Callahan, and Crowe, who was following plaintiff, stopped plaintiff in the street and accused her of stealing the third pair of pants. Plaintiff said that upon returning to the store and in front of Callahan, she lifted her dress and pulled down her girdle to show that she did not take the pants. Callahan said that plaintiff voluntarily lifted her dress, but it proved nothing as plaintiff could have hidden the pants in her girdle. At Callahan's request, the police arrested plaintiff; and only at the police station, in front of Callahan and a police matron, did plaintiff remove her dress and girdle. The pants were not found and after a four to five hour detention the charges were dropped and plaintiff was released. The Trial Justice charged the jury, " that there was in fact an unlawful imprisonment and detention in this case. You have nothing to decide with respect to that issue." In our opinion, the court erred when it, in effect, directed a verdict in plaintiff's favor. Under section 218 of the General Business Law when the proprietor of a retail mercantile establishment, his agents or employees, have reasonable grounds for suspecting a person of having in his possession unpurchased merchandise of such establishment, such person may be detained in a reasonable manner for a reasonable time for the purpose of making an investigation to ascertain the ownership of the merchandise by examining the suspect and the employees and records of the establishment. Whether plaintiff was thoroughly searched at the department store, as she said she was, and whether a further detention and search at the police station was warranted, are factual questions bearing on whether the period of detention was reasonable. Since the credibility of an interested witness, and the truthfulness and accuracy of his testimony, whether contradicted or not, are matters exclusively for the jury, the triers of the facts (*Pertofsky* v. *Drucks,* 16 A D 2d 690), and since the interested witnesses raised a number of factual issues, we feel that Trial Term erred when it charged, as a matter of law, that defendants falsely imprisoned plaintiff. Christ, P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.