■ In the Matter of ELINO TAVERN INC., Respondent, v. STATE LIQUOR AUTHORITY, Appellant.— In a proceeding pursuant to article 78 of the CPLR, the appeal is from a judgment of the Supreme Court, Kings County, dated March 26, 1973, which granted the petition to the extent of remitting the matter to the appellant State Liquor Authority for reconsideration and imposition of a lesser penalty. Permission to take the appeal is granted by Mr. Justice Brennan. Judgment affirmed, without costs. No opinion. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

## (January 30, 1975)

■ In the Matter of CONFESORA BENITEZ, Appellant, v. ANA LLANO et al., Respondents.— In this habeas corpus proceeding for child custody, petitioner appeals from a judgment of the Family Court, Kings County, dated June 19, 1973, which dismissed the writ and directed that custody of the subject minor remain with respondents. Judgment affirmed, without costs (cf. *Matter of Stuart*, 280 N. Y. 245). Hopkins, Acting P. J., Brennan, Benjamin and Shapiro, JJ., concur; Martuscello, J., dissents and votes to reverse, to sustain the writ and to direct respondents to return the child to the custody of petitioner, his natural mother, with the following memorandum: Robert Pabon, about 14 years of age when this proceeding was heard in the Family Court, was given to respondents for his care by petitioner, his natural mother, when he was three years old. He lived with respondents continuously since then except for two years during 1967–1969 when he lived with his natural mother, latterly in California. He remained with respondents in New York from 1969, when he visited them, until the present time. After a hearing, the Family Court held, in substance, that in a proceeding of this nature the welfare of the child is of supreme importance and that the best interests of the child would be promoted by continuing custody in respondents, even though the natural mother was not found to be unfit and had not abandoned the child. It is well established that in a contest between a parent and nonparent for the custody of a child, the natural parent has a paramount right to raise the child and may not be deprived of that right, absent a showing of unfitness or abandonment (*Matter of Spence-Chapin Adoption Serv.* v. *Polk*, 29 N Y 2d 196; *People ex rel. Kropp* v. *Shepsky*, 305 N. Y. 465). It was an abuse of discretion for the Family Court to award custody to respondents because of the length of time the child lived with respondents, his age and his expressed desires to remain with them. The child's natural mother was not unfit to care for him and had not abandoned him. She has a right to his custody, especially in view of the past informal custody relationship between the parties.