Aaron E. Klein, J.
This supplements this court’s decision dated March 22, 1977 in the above-captioned matter to consider whether plaintiff’s action against defendant, William Seymour (then Albany County Deputy Sheriff) is barred by the Statute of Limitations.
The March 22, 1977 decision focused on the liability of defendant, Albany County.
As previously indicated, the alleged automobile accident in this case occurred August 11, 1973.
October 16, 1974 plaintiffs served a summons and complaint on defendant William R. Seymour (apparently the same William R. Seymour who allegedly driving recklessly while he was intoxicated on a routine criminal patrol also as a Deputy Sheriff in an automobile owned by the Albany County Sheriff’s Department was involved in an August 5, 1975 accident in which William R. Dixon was killed [see Matter of Dixon v Seymour, Albany County, Special Term, June 18, 1976]).
Defendant Seymour as a second affirmative defense in his answer in this case urges CPLR 215 (subd 1) one-year Statute of Limitations applicable to "an action against a sheriff * * * upon a liability incurred by him by doing an act in his official capacity” as a defense to this action.
CPLR 215 (subd 1) one-year statute, construed literally, applies only to a Sheriff, and only to the acts of the Sheriff in his "official capacity.”
In seeking to invoke CPLR 215 (subd 1) protection for this apparently accident prone Deputy Sheriff, defendant urges this court to consider in the name of "common sense” a line of cases which supposedly hold the acts of a Sheriff are to be equated in the eyes of law with the acts of his deputies (Cumming v Brown, 43 NY 514; Snow v Harder, 43 AD2d 1003; Edwards v County of Onondaga, 39 Misc 2d 443).
This court rejects the view that a Deputy Sheriff who, on at least two alleged known occurrences was involved in automobile accidents, can invoke the protection of CPLR 215 (subd 1) limitations statute to avoid answering for his acts and potential financial responsibility for the allegedly grievous harm he *687 caused citizens while operating a county-owned Sheriff’s vehicle.
The bases for this court’s conclusions are these:
(1) A careful reading of the Cumming (supra); Snow (supra); and Edwards (supra), cases reveal that they are factually distinguishable from the present case, and do not establish as a matter of "black letter” law that in New York for all purposes the acts of a Sheriff are to be equated with the acts of his deputies, and hence all immunities enjoyed by a Sheriff automatically attach to his deputies.
(2) As a matter of common sense, if not law, neither a Sheriff nor his deputy is acting in his "official capacity” when he through negligence, or reckless disregard of the life and health of the citizenry he is supposed to protect, becomes involved in automobile accidents while "on routine criminal patrol.” When the exercise of reasonable care in motor vehicle operation stops so does, in the opinion of this court, the immunity which flows from the "official capacity” characterization in CPLR 215 (subd 1).
(3) George v County of Erie (66 Misc 2d 871) is factually distinguishable from the present case.
(4) This court concurs with the reasoning of Justice Pennock in his November 23, 1976 decision in Dixon v Seymour (supra). Since it is conceded that defendant, Deputy Sheriff Seymour, was on "routine criminal patrol” at the time of the alleged accident, it is clear as a matter of law under the principles established in Matter of Flaherty v Milliken (193 NY 564, 569) and reaffirmed in Matter of Grifenhagen v Ordway (218 NY 451) that Seymour was acting "in the service of the public and the Sheriff may not be held personally liable for their [Deputy Sheriffs] alleged acts of negligence, is misfeasance, or nonfeasance.” (See Isereau v Stone, 3 AD2d 243, 246.) It follows by reasoning from analogy that Seymour’s allegedly negligent behavior cannot be imputed to the Sheriff, and hence Seymour does not enjoy the protection afforded the Sheriff by CPLR 215 (subd 1) one-year limitations period. It should be noted in passing that the Sheriff is an elected official chosen by the people, and the people do not have the same choice with regard to a Deputy Sheriff.
(5) Finally, this court noting that it blocked recovery against Albany County in its March 22, 1976 decision, observes that an improper application of CPLR 215 (subd 1) limitations statute might well leave plaintiff remediless for the alleged *688 damage visited upon him by defendant Seymour. Again this court agrees with Justice Pennock’s Dixon v Seymour (supra) reasoning that leaving a plaintiff without "any remedy for the alleged negligence of the defendant * * * would be violative of a basic principal [sic] of our common law and our statutory law that one is and must be responsible for his actions and the consequences thereof.”
This court, therefore, holds that CPLR 215 (subd 1) one-year limitations statute is inapplicable, and finds that plaintiff timely commenced the action within CPLR 214 (subd 4) three-year limitations period.