■ KENNETH LASKOWSKI et al., Respondents, et al., Plaintiffs, v COUNTY OF NASSAU et al., Appellants.—In an action to recover damages predicated, *inter alia,* upon assault and false arrest, defendants appeal from a judgment of the Supreme Court, Nassau County, entered February 3, 1976, which is in favor of plaintiffs Kenneth Laskowski, Ann Ryan and Ralph Crane, Jr., and against them, on a jury verdict. Judgment modified, on the law, by (1) deleting therefrom all provisions which are in favor of plaintiffs and against the individual defendants and substituting therefor a provision dismissing the complaint as against the said defendants and (2) deleting the first and second decretal paragraphs thereof and substituting therefor provisions severing the causes of action on behalf of plaintiffs Kenneth Laskowski and Ann Ryan and granting a new trial with respect thereto, limited to the issue of damages only, unless within 20 days after entry of the order to be made hereon, plaintiffs Kenneth Laskowski and Ann Ryan, or either of them, shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdicts in their favor to $20,745 (representing $15,000 for assault, $5,000 for false arrest, and $745 for property damage), and $2,000, respectively. In the event that each of the said plaintiffs so stipulates, then the judgment, as so reduced and amended, is affirmed. In the event only one of them so stipulates, then a severance and a new trial is directed as to the plaintiff who does not so stipulate and the judgment as to the other, as so reduced and amended, is affirmed. The judgment in favor of plaintiff Ralph Crane, Jr., insofar as it is against the County of Nassau, is affirmed. No costs or disbursements are awarded on this appeal. At the outset, we note that Trial Term erred in denying the defendants' motion to dismiss the complaint as to the defendant police officers. Former subdivision 2 of section 52 of the County Law, which was in effect when the incidents involved herein occurred, provided that "No action shall be maintained against an officer * * * or employee of a county" unless such individual is "served personally or by registered mail". There having been no such service in this case, the action may not properly be maintained against the individual defendants. It is clear that such service was a substantive requirement and not merely a procedural device which could be waived *(Tucci v County of Nassau,* 50 AD2d 945; *Kritzer v County of Nassau,* 47 AD2d 950). Under the circumstances, and given the minimal amount of injury sustained, the award of $20,000 for the assault on plaintiff Kenneth Laskowski was excessive. Similarly, the award to him of $10,000

for false arrest was excessive. It was error for the court to permit testimony that Mr. Laskowski spent $5,000 on legal fees to defend himself in the criminal action since such costs are not recoverable in an action to recover damages for false arrest *(Broughton v State of New York,* 37 NY2d 451). Although the court so charged the jury, the repeated references to these costs were so prejudicial as to have improperly influenced the jury. Regarding the award for property damages, the record reveals that a loss of only $745 was shown at the trial. The award of punitive damages cannot stand. We find that the county was not wanton or reckless in permitting the arresting officers to serve on its police force. Nor was it derelict in failing to discipline the officers or to investigate the incident (cf. *Chirieleison v City of New York,* 49 AD2d 873). As to the cause of action for slander on behalf of plaintiff Ann Ryan, the Trial Judge charged the jury that if it found that the words uttered were intended to impute moral unchastity to her, then they would be slanderous per se; the jury so found. The defendants took no exception to this aspect of the charge. However, we feel that the award of $4,500 was excessive to the extent indicated herein, since only one individual was present when the words were uttered. Finally, regarding the false arrest and assault claim of Ralph Crane, the evidence indicates that he suffered asthmatic attacks as a result of the assault and his being taken to the police station for questioning, where he remained for two and one-half hours. Accordingly, the award of $5,000 was proper. Martuscello, J. P., Cohalan, Rabin and Mollen, JJ., concur.