■ EMIL CLEMENTE, Respondent, v RICHARD LITTLE et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover damages for assault, the

appeal, as limited by appellants' notice of appeal and brief, is from so much of an order of the Supreme Court, Suffolk County, dated January 13, 1977, as denied the motion to dismiss the complaint as against (1) the individual appellants and (2) the county. Order modified, on the law, by deleting so much of the third decretal paragraph thereof as denied the motion to dismiss the complaint as against the individual appellants and substituting therefor a provision granting the motion as to the individual appellants. As so modified, order affirmed insofar as appealed from, without costs or disbursements. As plaintiff-respondent candidly concedes, no notices of claim were served on the individual police officers, as required by former subdivision 2 of section 52 of the County Law. The amendments of that statute and of section 50-e of the General Municipal Law, by the Laws of 1976 (ch 745, §§ 2, 3), effective September 1, 1976, are not meant to be applied retroactively *(Matter of Pauletti [Freeport Union Free School Dist. No. 9]*, 59 AD2d 556; *Laskowski v County of Nassau*, 57 AD2d 888). Accordingly, the complaint as against the individual appellants must be dismissed (see *Tucci v County of Nassau*, 50 AD2d 945). However, although the defendant county is not a "person" within the purview of section 1983 of title 42 of the United States Code (see *Monroe v Pape*, 365 US 167), the facts stated in the complaint set forth a cause of action against it notwithstanding plaintiff's misplaced reliance on that statute (see CPLR 3026; *Diemer v Diemer*, 8 NY2d 206). Cohalan, J. P., Titone and Suozzi, JJ., concur; Hawkins, J., concurs in the result on the constraint of *Matter of Pauletti [Freeport Union Free School Dist. No. 9]* (59 AD2d 556).