**Claude PASCHALL, Plaintiff,**

**v.**

**Thomas MAYONE, Bruce B. Quick, the County of Ulster and Sigmund Brock, Defendants.**

**No. 77 Civ. 228 (RLC).**

United States District Court,
S. D. New York.

July 18, 1978.

Peters & Weiner, New Paltz, N.Y., for plaintiff; Jack Weiner, New Paltz, N.Y., of counsel.

Vincent, Berg, Russo, Marcigliano & Zawacki, New York City, for defendants; Stanley W. Zawacki, New York City, of counsel.

1. Jurisdiction is properly invoked under 28 U.S.C. §§ 1331, 1343.

2. The defendants move to dismiss plaintiff's complaint on the grounds that
   (1) the applicable statute of limitations has run; and
   (2) plaintiff failed to comply with the notice of claim requirements of N.Y. County Law § 52(2) (McKinney 1972) (repealed 1976). The defendants move for summary judgment on the grounds that

**ROBERT L. CARTER, District Judge.**

## OPINION

Plaintiff, Claude Paschall, commenced this civil rights action against the County of Ulster ("County"), and the individual defendants, Thomas Mayone, Bruce Quick and Sigmund Brock, alleging that these defendants violated plaintiff's rights under selected sections of the federal Civil Rights Act. 42 U.S.C. §§ 1981, 1983, 1985, 1986.[1] Defendants now move to dismiss the complaint pursuant to Rule 12, F.R.Civ.P., or, in the alternative, for summary judgment pursuant to Rule 56, F.R.Civ.P., on a variety of grounds.[2] The defendants further move that the court recuse itself from hearing the instant case. For the reasons set out below, defendants' motion to dismiss as to plaintiff's § 1986 claim is granted; the motion to dismiss as to defendants Quick and Mayone on statute of limitations grounds is denied with leave to renew at trial; and the balance of defendants' motions are denied in all respects.

*Facts*

Plaintiff has alleged the following "facts" which must be deemed true for purposes of disposing of defendants' motion to dismiss. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1975), *Stevens v. County of Dutchess*, 445 F.Supp. 89, 90 (S.D.N.Y.1977) (Carter, J.). In October of 1975, plaintiff, a black musician, was incarcerated in the Ulster County Jail pursuant to a criminal pretrial detention order of the Kingston City Court. While detained there, defendant Quick, a

(1) they have established that there is no question of material fact as to the lack of racial animus motivating defendants' conduct; and
(2) the plaintiff has voluntarily executed a release absolving the defendants of all responsibility for his injuries.
The defendants also move for a preclusion order concerning plaintiff's offer of medical testimony. That issue will be determined separately and will not be addressed in the instant opinion.

deputy sheriff in the County, is alleged to have viciously assaulted plaintiff without justification. Such unprovoked attacks on Quick's part are claimed to be commonplace at the Ulster County facility and to be directed, for the most part, at the black members of the prison population. It is further alleged that the County and its Sheriff, defendant Mayone, were very much aware of Quick's violent and racially discriminatory conduct at the jail, and that they did nothing to control his abuses.

As a direct result of Quick's assault on plaintiff, Paschall allegedly suffered serious injury to his left ear, an injury which later led to the permanent impairment of his hearing in that ear. In addition, plaintiff's jaw was dislocated, making his ingestion of food very difficult.

Following his encounter with Quick, plaintiff claims that he requested to see a doctor to tend to his injuries. Despite the fact that Paschall was in serious need of such medical attention, it is contended that all of his requests were denied until such time as he would agree to sign a release absolving the defendants from any and all responsibility for the injuries plaintiff suffered as a result of his altercation with Quick. Plaintiff alleges that in order to obtain the medical treatment he needed, he signed the release tendered to him by the defendants—a full two days after Quick's alleged assault had occurred.

Upon signing the release, plaintiff was taken to see defendant Brock, a physician employed on a part-time basis by the County to care for the prisoners at the jail. After a cursory examination, it is alleged that Dr. Brock concluded that plaintiff had suffered no serious injury despite the fact that plaintiff's appearance and symptomatology quite clearly indicated that the contrary was true.

On January 23, 1976, plaintiff filed a timely notice of claim with the County Attorney by registered mail. Then, on Janu-

ary 17, 1977, plaintiff commenced this action seeking compensatory damages of $100,000, and punitive damages of $75,000.

*Discussion*

1. *Statute of Limitations:*

Defendants move to dismiss plaintiff's suit on the grounds that it is barred by the applicable statute of limitations. Since the relevant statutory periods may vary both with the cause of action asserted, and the particular defendant against whom it is directed, defendants' contentions must be addressed accordingly.

### A. § 1986 Claim

Section 1986 of Title 42 of the United States Code provides, by its own terms, that claims brought thereunder must be "commenced within one year after the cause of action has accrued." 42 U.S.C. § 1986. Since the cause of action here at issue accrued on or about October 25, 1975,[3] and the instant suit was first commenced on January 17, 1977, this first cause of action is clearly time-barred. *See Ervin v. Lanier,* 404 F.Supp. 15, 17–18 (E.D.N.Y. 1975). Accordingly, this first cause of action is dismissed as to all defendants.

### B. §§ 1981, 1983, 1985 Claims

The remaining civil rights provisions which plaintiff invokes do not contain their own statute of limitations period. *See* 42 U.S.C. §§ 1981, 1983, 1985. "Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under [42 U.S.C. §§ 1983, 1985, or] § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 462, 95 S.Ct. 1716, 1721, 44 L.Ed.2d 295 (1974) (citations omitted); *accord, Martin Hodas, East Coast Cinematics, Inc. v. Lindsay,* 431 F.Supp. 637, 640 (S.D.N.Y.1977) (Carter, J.)

3. Although the date of the violent interaction between Paschall and Deputy Sheriff Quick is not specified in the complaint, both parties agree that it occurred on October 25, 1975.

*Compare* Affidavit of Stanley Zawacki (attorney for defendants) (Feb. 9, 1978) *with* Affidavit of Jack Weiner (attorney for plaintiff) (Feb. 21, 1978).

(§§ 1983, 1985). Thus, "[a]n action brought under the federal Civil Rights Act is subject to the statute of limitations the state courts would apply in an analagous state action." *Meyer v. Frank,* 550 F.2d 726, 728 (2d Cir. 1967), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1977). The parties agree, as indeed they must, that it is to New York law that we must turn to determine the governing statutory period, but they disagree as to which of New York's statutes controls.

In suits brought under §§ 1981, 1983 and 1985, the courts in this circuit have generally adopted the three-year limitations period provided in N.Y.C.P.L.R. § 214(2) (McKinney 1972) for actions "to recover upon a liability . . . created or imposed by statute . . .." *See, e. g., Meyer v. Frank, supra,* 550 F.2d at 728, 728 n. 5 (§§ 1983, 1985); *Kaiser v. Cahn,* 510 F.2d 282, 284 (2d Cir. 1974) (§ 1983); *Savage v. Kibbee,* 426 F.Supp. 760, 763 (S.D.N.Y.1976) (Werker, J.) (§§ 1981, 1983). If this three year limitations period were applicable, plaintiff's claims would clearly be timely. The difficulty which this case raises is that because of the nature of the individual defendants now being sued—a county, a sheriff and deputy sheriff, and a county employed doctor—there are alternative, shorter, state limitations periods which could arguably supersede the more general statutory period of § 214(2) and control in the instant situation.

### 1. *County*

■ With respect to the County, for example, New York law provides that any action seeking to recover damages against a county for injuries allegedly caused by the "misfeasance, omission of duty, negligence or wrongful act . . . of the county, its officers, agents, servants or employees" must be commenced within one year and ninety days from "the happening of the event upon which the claim is based." *See* N.Y. County Law § 52(1) (McKinney 1972); N.Y.Gen.Mun.L. § 50–i (McKinney 1977). It would seem that this specific statutory period regarding counties would control here over the more general provisions of § 214(2). *Compare Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975) *with Regan v. Sullivan,* 557 F.2d 300 (2d Cir. 1977). *See also Martin Hodas, East Coast Cinematics, Inc. v. Lindsay, supra.* Under the circumstances of this case, however, no choice need be made as between these two statutes. The incidents upon which plaintiff's claim is based occurred on or about October 25, 1975, and the instant complaint was filed on January 17, 1977. Consequently plaintiff's action is timely under *both* the one year, ninety day limitations period of § 52(1) of the County Law and the three-year limitations period of § 214(2) of the C.P.L.R. Accordingly, the motion to dismiss as against the County on statute of limitations grounds is denied.

### 2. *Dr. Brock*

■ As to Brock, no statute of limitations difficulty is here presented. Defendants suggest no other New York statutory provision which might govern other than the three year period provided by § 214(2) of the C.P.L.R.[4] Since it is clear that the action against the doctor was commenced well within that three year period, the motion to dismiss as against this defendant on statute of limitations grounds is denied.

---

4. While defendants do not argue the point, it could be contended that Dr. Brock should be entitled to the benefit of the one year, ninety day statute of limitations period provided in section 50–d of the General Municipal Law of New York, governing malpractice suits against municipally employed physicians. Gen. Mun.Law § 50–d (McKinney 1977). I have serious doubts as to whether this action for the deprivation of constitutionally protected rights can be properly characterized as an action in malpractice. *Cf. Laverne v. Corning,* 316 F.Supp. 629 (S.D.N.Y.1970) (Tenney, J.); *Beyer v. Werner,* 299 F.Supp. 967 (E.D.N.Y.1969). However, that question need not be addressed here because the incidents giving rise to plaintiff's claim took place on or about October 25, 1975, and the instant complaint was filed on January 17, 1977. Thus, even assuming that the one year, ninety day statutory period applied, this action was commenced in a timely manner.

### 3. *Sheriff Mayone and Deputy Sheriff Quick*

Defendants Mayone and Quick, as contrasted with their fellow defendants, do raise a serious question as to the timeliness of plaintiff's suit. These two defendants claim the benefits of New York C.P.L.R. § 215(1), which provides that any "action against a sheriff, coroner, or constable, upon a liability incurred by him by doing an act in his official capacity or by an omission of an official duty" must be commenced within one year from the time the cause of action accrued.[5] As early as 1871, the protections of this statute were extended to cover deputy sheriffs. *Regan v. Sullivan,* 557 F.2d 300, 305 n. 2 (2d Cir. 1977), citing *Cumming v. Brown,* 43 N.Y. 514 (1871). The purpose of this short statute was "to protect the sureties on the sheriff's bond, required by New York County Law § 403 and New York Public Officer's Law § 11." *Regan v. Sullivan, supra,* 557 F.2d at 305 n. 2. Although it is clear that the statute affords no protection to any "police-type" officials other than those specifically included within it, *Regan v. Sullivan, supra,* 557 F.2d at 305; *Beyer v. Werner,* 299 F.Supp. 967, 969 (E.D.N.Y.1969),[6] it would appear to provide the governing statutory period in those civil rights actions to which it is expressly applicable. *Carrasco v. Klein,* 381 F.Supp. 782 (E.D.N.Y.1974);[7] see *Regan v. Sullivan, supra.*

Since § 215(1) clearly applies to sheriffs and deputy sheriffs, that section would seem to bar plaintiff's present suit against Sheriff Mayone and Deputy Sheriff Quick because that suit was not commenced within one year from the date on which plaintiff's cause of action accrued. In seeking to avoid that result, plaintiff appears to make a three pronged argument. First, he contends that since the County, the Sheriff and the Deputy Sheriff are all "united in interest," the longer statutory period which is applicable to the County should also be applied to the individual defendants. Second, he claims that since the County may have to indemnify the Sheriff and Deputy Sheriff if they are found liable, it is the County which is the "real party in interest" and consequently the limitations period applicable to it should also govern with respect to the individual defendants. Finally, plaintiff maintains that the defendants were not acting in their "official capacity" when taking the actions here at issue and consequently cannot claim the benefits of the short limitations statute. Each of plaintiff's contentions will be addressed in turn.

---

5. In support of their position that the statute of limitations period contained in N.Y.C.P.L.R. § 215(1) controls this case with respect to defendants Mayone and Quick, defendants cite, as their *only* direct authority, to *Regan v. Sullivan,* 417 F.Supp. 399 (E.D.N.Y.1976). They neglected to inform the court, however, that *Regan v. Sullivan, supra,* was reversed on appeal, 557 F.2d 300 (2d Cir. 1977), nine months prior to the filing of the instant motion.

6. In *Beyer v. Werner,* 299 F.Supp. 967 (E.D.N.Y.1969), the court was faced with a civil rights suit against county police officers, as distinguished from members of the sheriff's department. In rejecting a claim that § 215(1) applied, the court simply stated that the case before it was "not within N.Y.C.P.L.R. § 215 literally or in substance." *Id.* at 969. The court's holding appears to be consistent with the narrow reading given to the statute by the Court of Appeals for the Second Circuit in *Regan v. Sullivan,* 557 F.2d 300 (2d Cir. 1977).

7. In *Carrasco v. Klein,* 381 F.Supp. 782 (E.D.N.Y.1974), Judge Neaher expressly left open the question of whether the application of the short statue of limitations provided by N.Y.C.P.L.R. § 215(1) to federal civil rights actions might somehow be considered to unfairly "discriminate against a cause of action arising under a federal statute," *id.* at 788, citing *Sola Electric Co. v. Jefferson Electric Co.,* 317 U.S. 173, 176, 63 S.Ct. 172, 87 L.Ed. 165 (1942); *Caldwell v. Alabama Dry Dock & Shipbuilding Co.,* 161 F.2d 83, 85–86 (5th Cir. 1947), so as to preclude the application of the one year statute. I have serious doubts as to the validity of such a claim in light of the decision in *Johnson v. Railway Express Agency, Inc.,* 489 F.2d 525 (6th Cir.), *aff'd,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1974), sustaining a one year, state statute of limitations as to all federal civil rights claims, and the decision in our own circuit upholding a one year, ninety day statute of limitations for civil rights type claims (*Bivens* actions) against municipalities. *Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975). However, because counsel for both sides have neither raised nor addressed this issue, the court will not make a final determination with respect to it at this time.

### a. United in interest

■ Plaintiff's argument that the statutory period applicable to the County should also govern with respect to defendants Mayone and Quick because they are "united in interest" with the County must be rejected. The relevant statute governing defendants who are united in interest merely provides for the tolling of the statute of limitations whenever any defendant or a "codefendant united in interest with him" is served with a copy of the summons. *See* N.Y.C.P.L.R. § 203(b) (McKinney 1972). In *Zeitler v. City of Rochester,* 32 App.Div.2d 728, 302 N.Y.S.2d 207 (4th Dept. 1969), for example, when the individual defendant, an employee of the City of Rochester, was served on the final day of the statutory period *applicable to the City,* but the City itself was not served until two days later, the court held that the statute of limitations had been tolled as to the City by the service of the summons on the City's employee with whom the City was united in interest. But the statute simply does not provide for the application of a longer statute of limitations than would otherwise be applicable to one defendant because that defendant is united in interest with a second defendant to whom that longer statutory period is applicable.[8] Thus, even assuming arguendo that the individual defendants and the County were united in interest, the provisions of N.Y.C.P.L.R. § 203(b) are unavailing to plaintiff to avoid the statutory bar of C.P.L.R. § 215(1).

### b. Municipal duty to indemnify

■ Nor can plaintiff rely on that line of cases which has held that in those circumstances where a municipality is statutorily required to indemnify its employee, the one year, ninety day statute of limitations applicable to the municipality is equally applicable to the defendant employee. *See Fitzgerald v. Lyons,* 39 A.D.2d 473, 336 N.Y. S.2d 940 (4th Dept. 1972); *Sorge v. City of New York,* 56 Misc.2d 414, 288 N.Y.S.2d 787 (Sup.Ct. New York County 1968); *Hahin v. City of Buffalo,* 41 Misc.2d 1018, 246 N.Y. S.2d 917 (Sup.Ct. Erie County 1964). No such duty to indemnify here exists. The New York Constitution provides that a County "shall *never* be made responsible for the acts of the sheriff." N.Y.Const. Art. 13, § 13 (McKinney 1969) (emphasis added); *see Commisso v. Meeker,* 8 N.Y.2d 109, 202 N.Y.S.2d 287, 168 N.E.2d 365 (1960); *Perry v. Custodi,* 52 App.Div.2d 1063, 384 N.Y. S.2d 323 (4th Dept. 1976); *Snow v. Harder,* 43 App.Div.2d 1003, 352 N.Y.S.2d 523 (4th Dept. 1976); *Brenner v. County of Rockland,* 92 Misc.2d 833, 401 N.Y.S.2d 434, (Sup.Ct. Rockland County 1978). And this constitutional provision has been held to apply to the acts of deputy sheriffs as well. *See, e. g., Commisso v. Meeker, supra ; Perry v. Custodi, supra; Snow v. Harder, supra.* Since the County cannot be required to indemnify either the Sheriff or his Deputy,[9] it cannot be said that the County is the real party in interest in this law suit. Consequently the statute of limitations applicable to it cannot be extended to the defendants Mayone and Quick under the rationale and authority of the above cited cases.

### c. Official capacity

Plaintiff's final attempt to avoid the bar of the one year statute of limitations is to argue that the actions committed by the defendants Mayone and Quick were not committed by them in their "official capaci-

---

**8.** Plaintiff cites to *Szerlip v. Finnegan,* 77 Misc.2d 655, 354 N.Y.S.2d 555 (Orange County 1974) *aff'd without opinion,* 47 A.D.2d 603, 365 N.Y.S.2d 1016 (2d Dept. 1975), which arguably adopts a position contrary to that taken here. That decision, however, cites no direct authority for its holding, nor does it put forward any convincing rationale for its result. In addition, no other court appears to have accepted the proposition in *Szerlip* which is now urged upon this court. Therefore, to the extent *Szerlip*

differs with the conclusion reached here, I decline to read that case as stating the current New York law on this issue.

**9.** Although plaintiff does not raise the issue, it should be pointed out that N.Y.Gen.Mun.L. § 50–j (McKinney 1977), which provides for the indemnification of county "police officer[s]" under certain circumstances would not apply to sheriffs and deputy sheriffs because of the constitutional bar discussed above.

ty" and that these defendants are, therefore, not entitled to claim the benefits of the short statutory limitations period. The New York State court decisions in this area over the course of the past fifty years do not provide the court with unambiguous guidance as to when a sheriff or deputy sheriff is acting in his official capacity so as to fall within the protective sphere of the short statute. *See Carrasco v. Klein, supra,* 381 F.Supp. at 78, and cases cited therein. *Compare George v. County of Erie,* 66 Misc.2d 871, 322 N.Y.S.2d 278 (Sup.Ct. Erie County 1971) *with Chmielewski v. Seymour,* 90 Misc.2d 685, 395 N.Y.S.2d 889 (Sup.Ct. Albany County 1977). *See also* 1 J. Weinstein, H. Korn & A. Miller, New York Civil Practice ¶ 215.01 (1977). The most instructive decision on point is an early opinion by Judge Frank of the Court of Appeals for this circuit discussing § 51 of the New York Civil Practice Act, the predecessor to N.Y.C. P.L.R. § 215(1), and identical in all respects to the present statute. *See Ingo v. Koch,* 127 F.2d 667 (2d Cir. 1942).

In *Ingo,* Judge Frank traced the evolution of the short statute and concluded that it created:

> "a sort of heaven-purgatory-hell classification: (1) Conduct which is lawful and not actionable, because entirely within the sheriff's official authority. (2) Unlawful conduct, actionable, but sufficiently close to being "official" so that suit is barred if not brought within one year. (3) Unlawful conduct, so far from being "official" that, for purposes of the statute of limitations, it is treated like that of an ordinary nonofficial person."

127 F.2d at 671. The central question, wrote Judge Frank, was: "Did the sheriff, although acting unlawfully and therefore rendering himself liable, intend in good faith to carry out his official duties, or did he know that he was acting outside his official authority?" *Id.* at 674. If he did

act in good faith, he is entitled to the benefit of the one year statute; if he did not, he is not so entitled. *Ibid.*

■ With the standard of *Ingo v. Koch, supra,* as a guide, it is clear that the court cannot say as a matter of law that plaintiff can establish no set of facts under which defendants Mayone and Quick may be said to have acted outside their official capacities. *Compare Carrasco v. Klein, supra.* If they have acted outside their official capacities, the protections of § 215(1) are unavailable to them, and the three year period of § 214(2) will govern plaintiff's claims, making the filing of plaintiff's complaint timely. That determination can only be made at trial. Accordingly, the motion to dismiss as against Sheriff Mayone and Deputy Sheriff Quick on the grounds that the applicable statute of limitations period has run is denied with leave to renew at trial.

### 2. *Notice of Claim requirements*

Defendants Mayone, Quick and Brock also seek dismissal of plaintiff's complaint as against them on the grounds that plaintiff failed to comply with the notice of claim requirements of former section 52(2) of the New York County Law.[10] Prior to its repeal, that section provided that in order to maintain suit against a county employee, a notice of claim had to be filed with him within ninety days of the occurrence of the event giving rise to the claim. N.Y. County Law § 52(2) (McKinney 1972) (repealed 1976); N.Y.Gen.Mun.L. § 50–i (McKinney 1977). Failure to comply with this notice of claim provision has been held to bar any suit against an individual county employee, *see Tucci v. County of Nassau,* 50 App.Div.2d 945, 377 N.Y.S.2d 588 (2d Dept. 1975); *Kritzer v. County of Nassau,* 47 App. Div.2d 950, 367 N.Y.S.2d 308 (2d Dept. 1975), even as to claims which arose prior to the repeal of the statute, but which were litigated after it had gone into effect. *See*

---

**10.** Although defendants initially also contended that the county was not served with a timely notice of claim, as required by N.Y. County Law § 52(1) (McKinney 1972), plaintiff did so serve the County by sending the notice to the County Attorney by registered mail within the

specified ninety day period in accordance with N.Y.Gen.Mun.L. § 50–e(3)(b) (McKinney 1977). *See* Affidavit of Jack Weiner (plaintiff's counsel) (Feb. 21, 1978), Exhibit A. Defendants have since dropped that contention.

*Clemente v. Little,* 59 App.Div.2d 752, 398 N.Y.S.2d 698 (2d Dept. 1977); *Laskowski v. County of Nassau,* 57 App.Div.2d 888, 394 N.Y.S.2d 442 (2d Dept. 1977). Defendants argue that since it is undisputed that the individual defendants were never so served, plaintiff is, therefore, barred from maintaining the instant action. I cannot agree.

■ In making their arguments concerning the applicability of the provisions of County Law § 52(2), all of the parties have focused exclusively on New York law. Thus, they failed to recognize that there is considerable federal authority in this circuit for the proposition that notice of claim requirements simply do not apply to actions brought under the federal civil rights statutes because such conditions unfairly infringe upon the assertion of federally created rights. *See Glover v. City of New York,* 401 F.Supp. 632, 635 (E.D.N.Y.1975); *Carrasco v. Klein, supra,* 381 F.Supp. at 787 n. 12; *Laverne v. Corning,* 316 F.Supp. 629, 637 (S.D.N.Y.1970) (Tenney, J.). *See also Beyer v. Werner, supra,* 299 F.Supp. at 969. Defendants' contentions could be rejected simply on that basis.

■ In the present case, however, a broad ruling that none of New York's notice of claim provisions can ever act as a bar to a federal civil rights action is unnecessary. The notice of claim statute which defendants invoke is one that has been repealed by the New York State Legislature on the recommendation of New York's Judicial Conference. *See* County Law § 52 (McKinney Supp.1977–78). That report stated that "it was difficult to understand why the provision exists," and that it "seems not to further the basic purpose of the notice of claim statutes." *Report of the Judicial Conference of the State of New York to the 1977 Legislature* 406–07 (1977). As the conference report itself explained:

"Unless immunized by statute, an employee of a public corporation is liable for his own tort. What legitimate public purpose is served by requiring the service of a notice of claim upon him? He knows or should know of his own tort. His employer, the public corporation, may not. If it is under a duty to indemnify its employee, a notice of claim must be served upon it. This seems ample protection for the public purse. The private purse is entitled to no such protection."

*Ibid.* (footnote omitted). When the state itself has repealed a notice of claim provision because it considers it to be a useless anachronism, it seems utterly ridiculous to ask a federal court to view that same provision as a bar to the exercise of a federally created right. The court will not engage in such folly. Accordingly, the motion to dismiss for failure to comply with County Law § 52(2) is denied in all respects.[11]

### 3. *Lack of Racial Animus*

■ Having failed to dispose of plaintiff's action under Rule 12, F.R.Civ.P., defendants turn to Rule 56, F.R.Civ.P., and move for summary judgment on the grounds that there is no issue of material fact as to the lack of any racial motivation behind their conduct and that consequently they are entitled to summary judgment as a matter of law as to all of plaintiff's claims. Although defendants neither explain their position in their brief, nor do they cite any authority in support of their contentions, I will assume that defendants' motion is actually directed towards plaintiff's conspiracy claims under 42 U.S.C. § 1985(3), and is based on the legal premise that a "necessary element of an action under § 1985(3) [is] a 'racial, or perhaps otherwise class-based, invidiously discriminatory animus be-

11. In light of the determination that the provisions of County Law § 52(2) do not bar this action, plaintiff's alternative contentions that even under New York law the notice of claim requirements of § 52(2) do not apply in actions against a sheriff or deputy sheriff, *see Kawar v. Martin,* 25 Misc.2d 3, 206 N.Y.S.2d 62, *aff'd,* 12 App.Div.2d 876, 210 N.Y.S.2d 68 (4th Dept. 1961); *Brenon v. County of Oneida,* 52 Misc.2d 795, 276 N.Y.S.2d 393 (Sup.Ct. Oneida County 1966); *Hawkins v. Dominy,* 18 Misc.2d 221, 185 N.Y.S.2d 310 (Sup.Ct. Nassau County 1959), or against county employed physicians, *see Schiavone v. County of Nassau,* 51 App. Div.2d 980, 380 N.Y.S.2d 711 (2d Dept. 1976); *aff'd,* 41 N.Y.2d 844, 393 N.Y.S.2d 701, 362 N.E.2d 845 (1977), need not be addressed.

hind the conspirators' actions.'" *Regan v. Sullivan, supra,* 557 F.2d at 307, *quoting Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Absent proof of such racial animus, plaintiff's § 1985(3) contention must, of course, fail. *See Griffin v. Breckenridge, supra; Regan v. Sullivan, supra.*

In order to succeed on the motion for summary judgment, defendants must "show that there is no genuine issue as to any material fact and that [they are] entitled to judgment as a matter of law." F.R. Civ.P. 56; *see American Casualty Co. v. Reidy,* 386 F.2d 795, 798 (7th Cir. 1967). The court "must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought . . . with the burden on the moving party to demonstrate the absence of any material factual issue genuinely in dispute." *Heyman v. Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir. 1975) (citations omitted).

■ In support of the instant motion, defendants submit only plaintiff's deposition from which they ask the court to conclude that plaintiff himself has no means of establishing any racial motivation for their conduct. But plaintiff is alleging a pattern and practice of discriminatory beatings and acts of aggression against black prisoners by defendant Quick, and the knowing acceptance of such conduct by Sheriff Mayone and the County. Plaintiff may be able to establish that practice through the testimony of his fellow prisoners, or of the defendants' fellow officers, or of the defendants' subordinates. In addition, it should be noted that the defendants themselves have not submitted any affidavits of their own concerning the conduct in question. Thus, it is clear that defendants have not met the heavy burden which is required before the "drastic device" of summary judgment may be invoked. *See Heyman v. Commerce & Industry Insurance Co., supra,* 524 F.2d at 1320. Accordingly, defendants' motion for summary judgment on the ground of lack of racial animus is denied.

### 4. *Release*

■ Alternatively, defendants move for summary judgment, F.R.Civ.P. 56, on the grounds that plaintiff voluntarily executed a release absolving them of any responsibility for the injuries he suffered. In support of this motion, defendants offer the release itself and certain excerpts of plaintiff's testimony which they contend establishes that the release was voluntarily executed. In opposition to the motion, plaintiff submits other excerpts of his deposition which he claims support his position that the release was given under duress. An examination of these materials convinces me that there are serious disputed issues of fact concerning the manner in which plaintiff was induced to sign the release in question. Thus, it is manifest that this issue cannot properly be determined on a motion for summary judgment. Accordingly, the motion for summary judgment on the basis of the release is also denied.

### 5. *Recusal Motion*

Finally, defendants move the court to recuse itself from hearing the instant case on the grounds that this is a civil rights action and "[i]t is well known that this Court was Assistant Special Counsel to the N.A.A.C.P. from 1945 until 1956, General Counsel to the N.A.A.C.P. from 1956 until 1968 and a member of the New York State Special Commission on Attica." Reply Aff. Stanley Zawacki (Feb. 24, 1978). That, I point out, is the *totality* of the allegations contained in Mr. Zawacki's affidavit. Presumably, though they are not specifically relied upon, defendants are invoking those sections of federal law governing the disqualification of judges on the grounds of bias or prejudice. *See* 28 U.S.C. § 144, 28 U.S.C. § 455. Defendants' motion is without merit.

### A. *Section 144*

The principles governing disqualification motions under 28 U.S.C. § 144 [12] were set

---

**12.** 28 U.S.C. § 144 provides:
"Bias or prejudice of judge

Whenever a party to any proceeding in a district court makes and files a timely and

down by the Supreme Court in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921), in relation to the predecessor of the instant statute and have been consistently applied in this circuit. *See, e. g., Wolfson v. Palmieri,* 396 F.2d 121 (2d Cir. 1968); *Rosen v. Sugarman,* 357 F.2d 794 (2d Cir. 1966). As the court stated in *Rosen :*

> "Although the facts stated in the affidavit are to be taken as true, the judge may inquire into their legal sufficiency. Indeed he must do so. There is 'as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is,' *In re Union Leader Corp.,* 292 F.2d 381, 391 (1 Cir.), cert. denied 368 U.S. 927, 82 S.Ct. 361, 7 L.Ed. 190 (1961); . . . To be sufficient an affidavit must show 'the objectionable inclination or disposition of the judge'; it must give 'fair support to the charge of a bent of mind that may prevent or impede impartiality of judgment.' [*Berger v. United States,*] 255 U.S. [22] at 33–35, 41 S.Ct. [230] at 233 [65 L.Ed. 481]."

*Id.* at 797; *accord, Wolfson v. Palmieri, supra,* 396 F.2d at 124. In addition, the alleged bias must be "personal" and "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 1710, 16 L.Ed.2d 778 (1966); *accord, United States v. Wolfson,* 558 F.2d 59, 62

(2d Cir. 1977); *United States v. Corr,* 434 F.Supp. 408, 411–12 (S.D.N.Y.1977) (Weinfeld, J.).[13]

■ Initially, I point out that defendants' affidavit is defective in that it is not filed by "a party" to this proceeding, *see* 28 U.S.C. § 144, but by counsel. This defect is in and of itself sufficient grounds to warrant denial of the instant motion. *Giebe v. Pence,* 431 F.2d 942 (9th Cir. 1970) (per curiam). However, since the impartiality of the court has been questioned, it is important to address defendants' contentions on the merits.

■ Mr. Zawacki's affidavit is patently insufficient to mandate disqualification in this case under 28 U.S.C. § 144. It is well settled that "the facts pleaded [in such an affidavit] will not suffice to show the personal bias required by the statute if they go to the background and associations of the judge rather than to his appraisal of a party personally." *Pennsylvania v. Local Union 542, International Union Operating of Engineers,* 388 F.Supp. 155, 159 (E.D.Pa. 1974) (Higgenbotham, J.), *aff'd,* 478 F.2d 1398 (3d Cir. 1974), *cert. denied,* 421 U.S. 999, 95 S.Ct. 2395, 44 L.Ed.2d 665 (1975); *accord, Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98, 101 (5th Cir. 1975) (en banc), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976); *Parker Precision Products Co. v. Metropolitan Life Insurance Co.,* 407 F.2d 1070, 1077–78 (3d Cir. 1969); *In re Union Leader Corp.,* 292 F.2d 381, 388–89 (1st Cir. 1961); *In re J.*

---

sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith."

13. These same principles apply under 28 U.S.C. § 455(b)(1) which provides that "[a]ny . . . judge . . . shall . . . disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party . . . ." *United States v. Wolfson,* 558 F.2d 58, 62 (2d Cir. 1977); *United States v. Corr,* 434 F.Supp. 408, 411–12 (S.D.N.Y.1977) (Weinfeld, J.). Consequently, the court's reasons for denying defendants' recusal motion under 28 U.S.C. § 144 are equally applicable to any claim for recusal made under this section, except perhaps, with respect to the technical defects in the affidavit filed in conjunction with defendants' motion. *See United States v. Wolfson, supra,* 558 F.2d at 62.

*P. Linahan, Inc.,* 138 F.2d 650, 651–52 (2d Cir. 1953); *Price v. Johnston,* 125 F.2d 806, 811 (9th Cir.), *cert. denied,* 316 U.S. 677 (1942); *Blank v. Sullivan & Cromwell,* 418 F.Supp. 1, 4–5 (S.D.N.Y.1975) (Motley, J). No allegation of any personal relationship, personal interest, or personal bias with respect to any party to this litigation is here alleged; all that is alleged is my civil rights background prior to ascending the bench. As Judge Motley of this court stated in denying a recusal motion made on similar grounds to those asserted here in a case alleging sexual discrimination on the part of a New York City law firm:

> "if background or sex or race of each judge, were, by definition, sufficient grounds for removal, no judge on this court could hear this case, or many others, by virtue of the fact that all of them were attorneys, of a sex, with distinguished law firm or public service backgrounds."

*Blank v. Sullivan & Cromwell, supra,* 418 F.Supp. at 4. *See generally Commonwealth of Pennsylvania v. Local Union 542, International Union of Operating Engineers, supra.* That sentiment is equally applicable here.

### B. *Section 455(a)*

Defendants' recusal motion, insofar as it can be read to invoke the far broader provisions of 28 U.S.C. § 455(a), must also be denied. That section requires a judge of the United States to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." It was designed to negate the "duty to sit" notion applicable under 28 U.S.C. § 144, *United States v. Wolfson, supra,* 558 F.2d at 63; *see Rosen v. Sugarman, supra,* 357 F.2d at 797–98, and to allow "a greater flexibility in determining whether disqualification is warranted in particular situations." *United States v. Ritter,* 540 F.2d 459, 462 (10th

Cir.), *cert. denied,* 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); *accord, United States v. Wolfson, supra,* 558 F.2d at 63. "The test under [§ 455(a)] is not the subjective belief of the defendant or that of the judge, but whether facts have been presented that, assuming their truth, would lead a reasonable person reasonably to infer that bias or prejudice existed, thereby foreclosing impartiality of judgment." *United States v. Corr, supra,* 434 F.Supp. at 412–13; *see United States v. Cowden,* 545 F.2d 257, 265 (1st Cir.), *cert. denied,* 430 U.S 909, 97 S.Ct. 1181, 51 L.Ed.2d 585 (1976); *Parrish v. Board of Commissioners of Alabama State Bar, supra,* 524 F.2d at 100.[14] Defendants' affidavit does not meet this standard.

Again, all defendants have done is provide me with a thumbnail sketch of my own employment background. I simply do not believe that my civil rights involvement prior to taking my judicial oath could in any way give rise to a *reasonable* inference of lack of impartiality in this case. *Cf. Commonwealth of Pennsylvania v. Local Union 542, International Union of Operating Engineers, supra; Blank v. Sullivan & Cromwell, supra. Compare Parrish v. Board of Commissioners of Alabama State Bar, supra.* To accept that reasoning would require a judge to disqualify himself in any suit dealing with the *general* subject matter with which he dealt in practice prior to ascending the bench. Section 455(a) cannot be read so broadly. I regard defendants' recusal motion as frivolous and it is, therefore, denied.

### 6. *Summation*

In sum, defendants' motion to dismiss plaintiff's § 1986 claims is granted. Defendants' motion to dismiss as to defendants' Mayone and Quick on statute of limitations grounds is denied with leave to re-

14. The claim here fails whether the precise standard requires "that the facts convince a reasonable person that *bias actually* exists or requires that a reasonable person could reasonably *believe bias to exist."* *United States v. Corr,* 434 F.Supp. 408 (S.D.N.Y.1977) (Wein-feld, J.), *citing Parrish v. Board of Commissioners of Alabama State Bar,* 524 F.2d 98, 104 (Brown, C. J., concurring), *cert. denied,* 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976) (emphasis in original).

new at trial. The remainder of defendants' motions are denied in all respects.

IT IS SO ORDERED.