■ VLADIMIR K. NELSON, Respondent, v TIMES SQUARE STORES CORPORATION, Appellant, et al., Defendants. ■

The error alleged on appeal with respect to the trial court's charge to the jury on the issue of the corporate employer's liability for punitive damages for the reckless, willful or malicious acts of its employees has not been preserved for appellate review by appropriate request or exception (*see, Moore v Leaseway Transp. Corp.,* 49 NY2d 720, 722; *Bichler v Lilly & Co.,* 55 NY2d 571, 583-584; *O'Donnell v K-Mart Corp.,* 100 AD2d 488, 490). Furthermore, to obtain a reversal, a ground not stated in a motion before the trial court cannot be first urged on appeal as a reason why the motion should have been granted (*Gilbert v City of New York,* 173 App Div 359). Although the corporate defendant moved to set aside so much of the verdict as awarded punitive damages against the corporate defendant on the ground there was insufficient evidence that its employees had acted maliciously, it was never contended that there was insufficient evidence to establish that the employer authorized, participated, or ratified the malicious conduct of its employees to warrant an award of punitive damages against the corporate defendant. Consequently, the latter issue has not been preserved for appellate review (*see, Fisher v Wakefield Park Realty Co.,* 203 NY 539, 540; *Howe v Johnston,* 220 App Div 170, 172; *cf. O'Donnell v K-Mart Corp., supra,* pp 490-491).

Evaluating the evidence in light of the trial court's instruction, which became the governing law (*see, Bichler v Lilly & Co., supra,* p 584; *Knobloch v Royal Globe Ins. Co.,* 38 NY2d 471,

477), we cannot say that the jury verdict against the corporate defendant is without a sufficient factual foundation or that it is inconsistent with the jury verdict against the corporation's employees. Mangano, Brown and Rubin, JJ., concur.

Titone, J. P., concurs in part and dissents in part and votes to reverse so much of the resettled judgment as awards punitive damages against defendant Times Square Stores Corporation and otherwise affirm the resettled judgment, insofar as appealed from, with the following memorandum: Plaintiff was arrested by appellant's store detectives on suspicion of shoplifting. Following his acquittal of petit larceny, he brought this action to recover damages for false imprisonment and malicious prosecution. The jury exonerated one store detective and awarded $1 compensatory damages and $1 punitive damages on each cause of action against the other store detective. As to the detective's employer, defendant Times Square Stores, however, it awarded $250 compensatory damages plus $5,000 punitive damages on the false imprisonment cause of action and $5,000 compensatory damages and $25,000 punitive damages on the malicious prosecution cause of action. I perceive no basis for a punitive damage award against the employer and therefore dissent.

Putting aside the questions of whether a prima facie case was established against defendant Times Square Stores, an issue that I do not find free from doubt (*see,* General Business Law § 218; *Jacques v Sears, Roebuck & Co.,* 30 NY2d 466; *Roker v Gertz Long Is.,* 34 AD2d 680; *Tota v Alexander's,* 63 Misc 2d 908, *affd* 38 AD2d 892; *False Imprisonment — Shoplifters,* Ann., 47 ALR3d 998), and whether plaintiff was entitled to recover on false imprisonment and malicious prosecution theories (*see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), on the record before us, it is evident, under settled principles, that the award of punitive damages against the employer cannot stand (*Guion v Associated Dry Goods Corp.,* 43 NY2d 876; *Craven v Bloomingdale,* 171 NY 439; *Walker v Lord & Taylor,* 236 App Div 111; 10 Encyclopedia NY Law, Damages, § 831 at 346; Restatement [Second] of Agency § 217 C; Restatement [Second] of Torts § 909 comment b; 36 NY Jur 2d, Damages, §§ 181, 182).

As these authorities demonstrate, an employer is not liable for punitive damages upon a mere showing that the employee was acting within the scope of his employment. There must be some degree of wrongdoing established on the employer's part. An employer " 'though of course liable to make compensation for injuries done by his agent, within the scope of his employment, cannot be held liable for exemplary or punitive damages, merely

by reason of wanton, oppressive or malicious intent on the part of the agent' " (*Craven v Bloomingdale,* 171 NY 439, 447, *supra;* quoting *Lake Shore Ry. Co. v Prentice,* 147 US 101, 107).

The imposition of punitive damages against the employer here simply does not comport with the rationale for such an award. Instead, it amounts to an unwarranted and impermissible windfall to the plaintiff. "[W]here the employer is a corporation, the pocket which is hit is that of the blameless stockholders, whom no one wants to punish" (Prosser and Keeton, Torts § 2, at 12 [5th ed]; *cf. Newport v Fact Concerts,* 453 US 247; *Sharapata v Town of Islip,* 82 AD2d 350, *affd* 56 NY2d 332).

Plaintiff does not argue that Times Square Stores' policy with respect to the processing of suspected shoplifters is in any way deficient. Rather, he simply contends that the store detectives improperly carried out that policy by refusing to investigate the truthfulness of his excuse for taking the merchandise. How, then, can Times Square Stores be cast in punitive damages? (*see, Laskowski v County of Nassau,* 57 AD2d 888; *Chirieleison v City of New York,* 49 AD2d 873; *Veals v Consolidated Edison Co.,* 114 Misc 2d 626.) As we put it in *Murray v Long Is. R. R. Co.* (35 AD2d 579, 580, *affd* 28 NY2d 849), the punitive awards "were obviously based on the financial ability of the [employer] * * * and * * * [t]he amounts * * * ha[ve] no reality to the necessities of the case".

Even on the theory which the majority finds was preserved, there is insufficient proof of malice requisite to a punitive damages award. There is no "showing of some deliberate act punctuated with awareness of 'conscious falsity' " (*Best v Genung's Inc.,* 46 AD2d 550, 552, quoting from *Munoz v City of New York,* 18 NY2d 6). The employees' conduct "could be found to be careless, [but] did not rise to the level of wantonness or maliciousness" sufficient to award punitive damages (*Guion v Associated Dry Goods Corp.,* 43 NY2d 876, 878, *supra; see, False Arrest — Defendant's State of Mind,* Ann., 93 ALR3d 1109).

In any event, this is not a question of a jury charge becoming the law of the case, or more accurately "consent * * * to the law to be applied" (*Martin v City of Cohoes,* 37 NY2d 162, 165; *see also,* 7 Weinstein-Korn-Miller, NY Civ Prac, § 5501.11, at 55-31). There is simply no evidence to support an award of punitive damages against defendant Times Square Stores and, as in *Guion v Associated Dry Goods Corp.* (*supra*), the motion to dismiss should be sufficient to preserve the issue and so much of the judgment as awards punitive damages against defendant Times Square Stores should be reversed (*see also, Laskowski v County of Nassau, supra; Chirieleison v City of New York, supra; cf. Varriale v Saratoga Harness Racing,* 76 AD2d 991).

Accordingly, I dissent.